Defendant was never in possession of the land claimed by plaintiff.

This entirely disposes of the question regarding tax title.

The extent of the ruling:

Defendant in counsel's brief urges that, inasmuch as plaintiff does not pretend to have any interest in a smaller tract of some 30 acres, the judgment of the lower court should be amended so as to preserve the rights of defendant.

We turn to the petition of plaintiff, and find that it asks for the annullment of the title to this land; and the judgment of the district court annulled it.

The judgment should be confined to the tract of land referred to as belonging to plaintiff and extend no further.

The judgment will have to be amended in this respect. And, according to the article 549 of the Code of Practice, it must be amended at appellee's cost.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is amended at appellee's cost.

It is further ordered, adjudged, and decreed that the judgment be limited in its effect to the body of land known as the "Bismark place."

As amended, the judgment is affirmed, at appellee's cost.

| 119 | 247 |
| e120 | 869 |

(44 South. 4.)

No. 16,544.

STATE ex rel. CAIN et al. v. DAVIS, Sheriff, et al.

(May 13, 1907.)

1. APPEAL—DISMISSAL—DEFECT RELATING TO RECORD.

The police jury of Vernon parish ordered an election in the Third Ward of that parish for the purpose of ascertaining the will of the people of that ward in respect to granting or withholding licenses for the sale of liquor therein. The election was held, and the result declared by the police jury as being adverse to the granting of licenses. The plaintiffs in this suit attacked their action as being illegal, null, and void, for reasons assigned, and urged that the effect of such nullity was to leave in force the prior existing ordinance of the police-jury in favor of the issuing of the licenses. They averred that they had applied to the police jury and the tax collectors for licenses and been refused. They prayed the court for service on the police jury and the tax collectors; that they be ordered to show cause why a writ of mandamus should not issue commanding each of them to issue them licenses; and that the so-called election held in Ward 3 be adjudged illegal, null, and void.

The defendants filed several exceptions, and finally answered setting up a number of reasons why the relief prayed for should not be granted.

The district judge rendered judgment adjudging and decreeing that the sheriff of Vernon parish do issue retail liquor licenses, both parish and state, for the sale of liquor in Ward 3 of the parish of Vernon. The police jury and the sheriff have appealed.

Two motions to dismiss the appeal were filed. The first motion was that J. J. Cryer, president of the police jury, was not a party defendant in the cause, and through the appeal sought to be taken by him for the police jury he could not, in his official capacity, prosecute the appeal and stand in judgment for said body. In the second motion appellees urged that the police jury had taken no appeal from the judgment, and had filed no appeal bond; that the president of the police jury had simply filed a bond in his official capacity, and, since the said president was not a party defendant in the suit, the bond was insufficient and could not operate as a bond for the police jury.

### On First Motion to Dismiss.

There were two defendants in the case. The motion for appeal was made orally. The minute entry was not as definite as it might have been, but there can be no serious doubt as to the scope of the motion and order. It showed that a motion for "appeals" was made; that both "suspensive appeals" were granted; that appeal "bonds" were each fixed at the sum of $250. This motion is refused. Both defendants evidently applied for and obtained order of appeal.

### On Second Motion to Dismiss.

2. SAME—APPEAL BOND—SUFFICIENCY.

The bond executed by the president of the police jury cannot under its recitals and terms be held to be the bond of the police jury, but it is a good and sufficient bond furnished by the president of that body in aid and support of the appeal of the police jury. Appellees are sufficiently secured. Richardson v. Terrel, 9

Mart. (O. S.) 34. The second motion to dismiss is refused. The appeal is maintained.

### On the Merits.

3. INTOXICATING LIQUORS—PROCEEDINGS TO PROCURE LICENSE—MANDAMUS.

The district judge ignored entirely the action of the police jury in reference to the election held in the Third Ward. The police jury having authority to act in respect to that matter, and having acted, so long as that action is not set aside or annulled, it bars the way to any decree ordering a mandamus. It cannot be ignored as an absolute nullity. The sheriff is the mere executive officer of the police jury, and cannot be ordered to grant a license so long as the result of the election and the orders of the police jury to him remain in force.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John Bachman Lee, Judge.

Action by the state, on relation of Robert D. Cain and others, against T. J. Davis, sheriff, and the police jury of Vernon parish, praying for a judgment directing a liquor license to issue to relators. From a judgment for relators, the sheriff and police jury appeal. Reversed.

Sholars & Williamson and James Wilson Parsons, Dist. Atty., for appellants. Monk, Palmer & Hardin, for appellees.

### Statement of the Case.

NICHOLLS, J. Robert D. Cain, Charles L. Smith, and J. T. Jones are plaintiffs in this suit. They aver that all of them are residents, citizens, qualified voters, and taxpayers of the parish of Vernon and of the Third Ward of that parish. They allege that the police jury of that parish on the ——— day of ———, 1906, after adopting an estimate of expenses for the year 1907, as required by law, passed an ordinance fixing the parish license, and among them the retail liquor dealer's license, and fixed it at $500 for the year 1907. That the minutes of said meeting of police jury and the ordinance so adopted were especially referred to and made a part of their petition. That each of them was interested in the retailing of intoxicating liquors in Ward 3, Vernon parish, La., and was so interested and engaged during the year 1906, under license issued by both state and parish. That on January 2, 1907, they and each of them made a legal and lawful tender of the amount of their state and parish license, to wit, $600, to T. J. Davis, sheriff and ex officio license and tax collector in and for Vernon parish, La., and demanded of him both state and parish licenses; the one being fixed at $100, and the other at $500, all of which was illegally, arbitrarily, and unlawfully refused, and he stating that he had no authority from the police jury of said parish to issue parish license in Ward 3, Vernon parish, La. That on the 5th day of November, 1906, the police jury of said parish of Vernon, at a regular meeting, adopted a so-called ordinance, calling a special election in said Ward 3 of Vernon parish, La., whereat was to be submitted to the qualified voters of said ward the question of granting or withholding license for the sale of intoxicating liquors therein for the year 1907, as would appear by a copy of said ordinance annexed and made a part of their petition.

That on the 21st day of December, 1906, said special election was held, and the returns thereof were made by the commissioners and returning officers of election at the various voting places and precincts to the said police jury, in compliance with said ordinance so ordering the election, showing a majority of one vote in favor of granting such license for the sale of intoxicating liquors in said ward and against prohibition therein. That the police jury met on the 22d day of December, 1906, for the purpose of canvassing and promulgating the returns of said special election, and by an ordinance or resolution duly adopted by it declared the result thereof in accordance with the returns of said election to be in favor of granting license for the sale of intoxicating liquors

in said Ward 3 of Vernon parish, La., and license was ordered to issue upon payment for same. That they, afterwards, later in the day, and without any protest being filed or presented as against the result of said election illegally reconsidered the result thereof adopted by it declaring the result of said election, and illegally and without any protest or contest filed therein, and without any warrant of law, threw out one of the boxes and the votes therein cast at such special election so held, and thereupon proceeded to declare that said election had resulted against the granting of license in said ward, and declared in favor of prohibition therein, as would appear by copy of said proceedings annexed and made part of their petition. That such action by the police jury was illegal and without warrant of law, and they had no right, jurisdiction, or authority to order returns of said election back to them for canvass and promulgation, and, if so, they had no right to go behind the returns of said special election, or to consider the legality of any votes cast at such election, at least in the absence of a contest or protest filed thereto. That the whole proceedings, from the beginning to the end, that the order calling said election and ordering the returns to be made to them in place of the board of supervisors of said parish, were illegal, null, and void, and insufficient in law, and struck said election with nullity. That, if not, and they had any jurisdiction in the premises at all, it was to canvass the votes at least, and declare the result thereof, and having done this at the morning session of their body on December 22, 1906, and declared the result, their powers and jurisdiction in the premises were at an end, and they were without right or power to reopen said matter again. That on account of said illegal election, which returns have never been legally and lawfully promulgated, and have never been submitted to the board of supervisors of said parish for canvass and promulgation, the said T. J. Davis, sheriff and ex officio license and tax collector of said state and parish and the police jury, through its president, J. J. Cryer, had illegally and wrongfully refused relators license for the sale of intoxicating liquors in and for Ward 3 of Vernon parish, La., and thereby deprived relators of their legal rights under the Constitution and laws of this state. That the business of each of the relators was worth to them the sum of at least $2,500, and the illegal and unlawful acts of the officers authorized to issue license, in refusing to do their ministerial duties, had damaged relators, and will continue to damage them, in said sum of $2,500. That the law requires under penalty that retailers of liquors must obtain a license before going into business, and they and each of them were willing to comply with conditions imposed and to pay the license, and it was incompetent and wrong for the police jury and the sheriff and ex officio license and tax collector of this parish to refuse to do their ministerial duties and issue relators license upon payment therefor. That relators must choose between the alternatives of not doing business at all, or of continuing their business without license. That the said T. J. Davis, sheriff and ex officio tax collector, and the police jury of Vernon parish, La., having refused to do their ministerial duties and denied licenses to relators, who were residents of said Ward 3, taxpayers and voters therein, and interested in the sale of intoxicating liquors in said ward, as aforesaid, relators had no other mode of obtaining relief (the law having assigned no manner of relief by ordinary means for redressing such wrongs), and writs of mandamus should issue in their behalf.

In view of the premises, relators prayed for service and notice on T. J. Davis, sheriff and ex officio license and tax collector, and the police jury of Vernon parish, La., through its president, J. J. Cryer. That writs of

mandamus issue to them, and each of them, commanding them, and each of them, to issue relators retail dealer's license for the sale of intoxicating liquors in Ward Three of Vernon parish, La., for the year 1907, upon relators paying the sum of $100 to the state for state license and $500 to the parish for parish license; these being the amounts fixed by both. Or that they show cause on a day to be fixed by the court why a final writ of mandamus should not issue, commanding them and each of them to grant such relief. That the mandamus be made peremptory, and the so-called election held in Ward 3 of Vernon parish, La., on December 21, 1906, be adjudged illegal, null, and void for reasons above given. That in the alternative, if said election should be found to be legal in every respect, then said police jury be ordered to stand by their promulgation of same, wherein they declared the election carried in favor of license. Finally, they prayed for all orders and decrees necessary, in the premises, for costs, and for general and equitable relief.

On reading this petition, the court ordered the sheriff, ex-officio license and tax collector, and the police jury of the parish of Vernon, J. J. Cryer, president, to show cause why the peremptory writ of mandamus should not issue.

### Opinion.

Defendants excepted: First, that plaintiffs' petition disclosed no cause or right of action; second, that the court was without jurisdiction, ratione materiæ, in that it was not vested by law with jurisdiction over the subject-matter of this litigation; third, that the police jury of the parish of Vernon, in bar of plaintiffs' rights herein, pleaded that the issues raised in plaintiffs' petition were res judicata, in that said issues were tried and determined adversely to plaintiffs in suit No. 975 on the docket of the court, entitled "R. D. Cain et al. v. Police Jury of the

Parish of Vernon." The police jury, in further bar of plaintiffs' rights, as herein alleged, interposed the plea of lis pendens; that the plaintiffs in said suit No. 975, entitled "R. D. Cain et al. v. Police Jury of the Parish of Vernon," had applied for and obtained an order of appeal from the judgment rendered in said cause to the Supreme Court of Louisiana; and that said appeal was now pending in said court. In the event that said exceptions should be overruled, the police jury answered that section 1211 of the Revised Statutes provides:

"That the police juries of the several parishes of the state, the municipal authorities of the several villages, towns and cities and the city council of the city of New Orleans, shall have the exclusive power to make such rules and regulations for the sale or the prohibition of the sale of intoxicating liquors as they may deem advisable, and to grant or withhold licenses from drinking houses and shops within the limits of the city, parish, ward of a parish, town, or village, as the majority of the legal voters of any city, parish, ward of a parish, town or village may determine by ballot."

That by this statute the law confers upon police juries of the state of Louisiana the full and exclusive right to regulate and control the sale of whisky within their respective parishes, and to withhold the issuance of a license upon a vote of the people. That the statutes of the state of Louisiana make no other provision for the holding of the local option elections provided for in said statute. That police juries, being vested by law with the exclusive right to control the sale of intoxicating liquors, and authorized to order elections to determine the sense of the voters on the question of the issuance or withholding of licenses (in the absence of any statutory provision imposing the duty of holding and conducting such elections on any other body), were vested by law with authority to assemble as a board of canvassers and receive the returns of the election so ordered, and to ascertain and declare the result, and to promulgate the same. That, in pursuance of the authority vested in it by

law, it ordered a local option election to be held in Ward 3 of the parish of Vernon. That such election was held. That the returns thereof were made to it. That, acting as a board of canvassers, it (the police jury) canvassed the returns of said election, and found and declared against the issuance of license. That it was only ministerial duties specifically enjoined that could be coerced by a writ of mandamus. That the law nowhere imposed upon police juries the obligation to canvass the returns of a local option election, but respondent claimed, under its authority to order a local option election, respondent (the police jury) had the right to canvass the returns and to do so within its discretion. That, having the right to canvass the returns, respondent (the police jury) had the right to go behind the returns to purge the same of fraud, and to ascertain and declare the real result. That in State ex rel. Davis v. Police Jury of Parish of Bossier, 43 La. Ann. 1009, 10 South. 359, the Supreme Court of the state held that:

"In the absence of fraud, it must be assumed that the police jury of Bossier did its duty. They were authorized to declare the result. They had the power of investigation to ascertain it and to eliminate fraudulent results from the returns. In the extent of this power, we have no authority to rebut their finding."

That the real purpose of plaintiffs' action is to contest the result of a local option election, and the writ of mandamus is not a proper proceeding for the contesting of an election. That the contesting of the findings of a board of canvassers is a judicial function only so far as authorized by the statute. That this doctrine is specifically held in Taxpayers v. O'Kelly, 49 La. Ann. p. 1040, 22 South. 311. That the laws of Louisiana nowhere vest the courts of this state with jurisdiction to try questions of contest growing out of local option elections. That this court is, therefore without jurisdiction, ratione materiæ, to try and determine the issues raised in this

case. That in State v. Dortch, 41 La. Ann. 846, 6 South. 777, it was expressly held:

"In the absence of statutory authorization, courts are without jurisdiction, ratione materiæ, to ascertain cases of contested elections."

And in State v. Judge of Second Judicial District, 13 La. Ann. p. 89, it was held:

"A mandamus will not issue to compel a district judge to grant an order of any kind in a case where it was apparent that his court was without jurisdiction ratione materiæ."

That in Reynolds & Henry Const. Co. v. Monroe, 45 La. Ann. p. 1029, 13 South. 400, it was declared:

"The functions of police juries and city councils in the matter of holding special elections are of importance, and, in the absence of statutory authorization to the courts in determining the contest in matters of elections, much is left to them in determining whether or not a special tax has been voted."

That, under the authorities quoted, being vested by law with the right to withhold license under an election, which it had a right to order, and having ordered such an election, the police jury was clearly vested with the authority to determine whether or not the authority to issue license had legally been voted. That having ordered the election, and having investigated the returns, and found that a majority of the legal voters in Ward 3 were against the issuance of license, its action therein was not reviewable or coercible by writ of mandamus.

T. J. Davis, sheriff and ex officio tax collector, answering in his own behalf, adopted the answers of his co-respondents, the police jury of the parish of Vernon, and he averred that, recognizing in police juries under the law the authority to grant or withhold license for the sale of intoxicating liquors, he had refused to issue license for the sale of intoxicating liquors in Ward 3 of the parish of Vernon, because respondent had been instructed by the police jury of the parish of Vernon not to issue license for the sale of

intoxicating liquors in said ward. That he could only be coerced by writ of mandamus to perform duties purely ministerial in character. That the issuance of license for the sale of intoxicating liquors in Ward 3 of the parish of Vernon for the year 1907 was not only not a ministerial duty specifically imposed upon him by law, but that he had been specifically instructed by the police jury of the parish of Vernon not to issue license for the sale of intoxicating liquors in said Ward 3 of the parish of Vernon.

That "where a party has a clear right to demand the performance of a specific duty, and there was no adequate remedy, mandamus would generally lie to compel performance; but it was essential that relator should have a clear right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required. If the right or obligation be substantially doubtful, the writ should not issue. Mandamus never issues in doubtful cases." Am. & Eng. Ency. of Law (2d Ed.) vol. 19, folio 725.

"That a writ of mandamus will not lie unless the action desired is of absolute obligation on the part of the person sought to be coerced, and the relators must show only a clear, legal right to have the thing done, but to have it done in the manner and form in which he desires the respondent to perform it."

"That the act must be clearly prescribed and enjoined by law, and the result must be plain and positive. That this is the sense of all the authorities." State ex rel. Texarkana, S. & N. R. Co. v. Smith, 104 La. 370, 29 South. 40.

That a mandamus will lie to compel the performance of duties purely ministerial in their nature, when they are so clear and specific that no element of discretion is left in their performance; but that, as to acts or duties necessarily calling for the exercise of judgment and discretion on the part of the officers or body at whose hands their performance is required, mandamus will not lie. State ex rel. Daboval v. Police Jury of St. Bernard, 39 La. Ann. p. 759, 2 South. 305.

"That mandamus will not lie against a public officer where there is no law compelling him to act." State ex rel. Hutchinson v. Sheriff and Tax Collector, Breaux, Digest, p. 511.

That plaintiffs' petition discloses no cause of action. That the court was without jurisdiction ratione materiæ over the subject-matter of this litigation. That the issues presented were res judicata. That the plea of lis pendens, which was interposed, was a complete bar to plaintiffs' right to recover.

That police juries, having the right to order local option elections, in the absence of statutory enactment vesting authority in other bodies, they had the right to conduct such elections, to canvass the returns, and to declare and promulgate the results thereof.

That it was only ministerial duties specifically enjoined that could be coerced by mandamus. That nowhere does the . law specifically impose upon police juries the obligation to meet as a board of canvassers and determine and promulgate the results of local option elections, and the police jury, in doing so in the pending matter, had the authority so to do only by implication, and, having such authority, had the further authority to do so within its discretion.

That the sheriff and tax collector of the parish of Vernon could not be coerced by mandamus to issue license as claimed by petitioner, because the act sought to have been performed was not a ministerial duty specifically enjoined.

That having met as a board of canvassers, and having canvassed the votes and declared the result and promulgated the returns of the local option election, as alleged in relator's petition, the police jury became thereby functus officio, and could not be compelled, by mandamus or otherwise, to again reassemble and discharge or perform any act incident to a recount of said votes or a re-examination of the returns upon which same was based.

In view of the premises, he prayed that plaintiffs' demand be rejected, and that this rule be discharged.

The following paper was filed in the district court:

"It is admitted by defendant's counsel that the police jury of Vernon parish, La., fixed a retail liquor-dealer's license for the parish of Vernon for the year 1907 at $500. It is further admitted by defendant's counsel that Ward 3 of the parish of Vernon, La., was permitted to sell whisky during the year 1906.

"It is further admitted by defendants counsel that R. D. Cain, C. L. Smith, and J. T. Jones, the three relators in this case, made a legal tender to T. J. Davis, sheriff and ex officio tax and license collector in and for the parish of Vernon, La., on January 2, 1907, and demanded of him retail dealer's license to sell whisky in Ward 3, all of which was refused. It is further admitted by defendant's counsel that the ordinances of proceedings of the police jury attached to plaintiffs' petition in this case are true records of the proceedings had by the police jury at the time and places mentioned in said ordinances.

"Plaintiffs' counsel now files in evidence, by reference, the two ordinances attached to plaintiffs' petition in this case and the proceedings had by the police jury, marked 'Plaintiffs' Exhibit A. and B.'·

"It is further admitted by defendant's counsel that the board of supervisors in and for Vernon parish had not promulgated the returns of this so-called election held in Ward 3 of Vernon parish, La., on the 21st day of December, 1906, and that said returns have not been submitted to them."

Plaintiffs' counsel filed in evidence petition of taxpayers of Ward 3, petitioning the police jury of Vernon parish to call this election and the order calling it.

The police jury, one of the respondents, offered in evidence the entire record of suit No. 975, entitled "R. D. Cain et al. v. Police Jury of the Parish of Vernon," minutes of the court, the application and order for a suspensive and devolutive appeal, and the order granting the appeal.

The district court rendered judgment making the writ of mandamus perpetual, and ordering, adjudging, and decreeing that the sheriff of the parish of Vernon do issue retail liquor license, both state and parish, for the sale of liquor in Ward 3 of said parish.

This judgment is appealed from.

The record shows the following minute entry:

"Motion for appeals made—both suspensive appeals granted returnable to the Supreme Court. Appeal bonds each fixed at the sum of $250."

Two appeal bonds were executed. No objection has been made to that executed by the sheriff. That executed by J. J. Cryer, president of the police jury, gave occasion to one of two motions to appeal, which have been filed herein by the plaintiffs.

In their first motion to dismiss, plaintiffs asked for a dismissal of the appeal taken by J. J. Cryer, president of the police jury, for the reason that J. J. Cryer, president of the police jury, was not a party defendant in the case, and, through the appeal sought to be taken by him for the police jury, he could not in his official capacity prosecute this appeal and stand in judgment for said body.

In their second motion, plaintiffs declared they moved to dismiss the appeal sought to be taken by the police jury, "for the reason that the police jury had taken no appeal from the judgment rendered against it, and had filed no appeal bond, but one J. J. Cryer, president of the police jury, had simply filed a bond in his official capacity as an appellant in said capacity, and since the said Cryer, president of the police jury, is not a party defendant in the suit, the filing of said bond was insufficient in law and cannot operate as a bond for the police jury.

The appeal bond objected to reads as follows:

"We, J. J. Cryer, president of the police jury, parish of Vernon, as principal, and T. S. Franklin, as security, are held and bound. * * * Whereas, the above-bounden J. J. Cryer, president of the police jury, one of the defendants herein, has applied for and obtained an order of appeal from a certain final judgment rendered against him as president aforesaid in the district court in favor of R. D. Cain, and others, in suit No. 982, entitled, etc. etc.

"Now, therefore, the condition of the above obligation is such that if the said J. J. Cryer, president, shall prosecute this suspensive appeal and shall satisfy whatever judgment may be rendered against him, or if the same shall be satisfied by the proceeds of the sale of his estate, real and personal, if he be cast in the appeal, then in that case the above obligation to

be void and null, otherwise the said security shall be liable in his place.

"[Signed]　　J. J. Cryer, President, P. J.
"T. S. Franklin."

Counsel for the police jury resist the motion to dismiss based upon objection to the bond filed on its behalf, on the ground that, under the provisions of Act No. 173, p. 327, of 1902, it was exempted from giving security; but urges also that, if a bond be needed, one has been given which will sustain the appeal. They cite Richardson v. Terrel, 9 Mart. (O. S.) 34; Hood v. City of New Orleans, 49 La. Ann. 1463, 22 South. 401; Granier v. Louisiana W. R. Co., 42 La. Ann. 882, 8 South. 614.

### On Motion to Dismiss.

The order granting an appeal was evidently one in favor of both the defendants. The application for the appeal was made orally. The district clerk could have made this minute entry more definite than he did, but we do not think there can be any serious doubt as to the scope of the order. There were two defendants in the case. The minute entry uses the word "appeals" as being made returnable to the Supreme Court, and to each bond as having been fixed at $250.

The first motion to dismiss is denied as being not well founded.

If no bond has as yet been filed on behalf of the police jury, as claimed by appellees, its right to an appeal is still in force. It can still perfect the appeal which it has taken by the execution of a bond. In the meantime the judgment of the district court has been appealed from by an appeal duly taken and perfected by the sheriff and tax collector, and the transcript has been duly filed in this court. The only effect of sustaining the objection to the bond, so far as the police jury is concerned, would be to force it hereafter to execute another appeal bond. In view of that fact it would be unnecessary to presently dismiss its appeal, it would suffice, under the circumstances of this case, to require it to execute a new bond. In matters of injunction, the injunction will not be dissolved when it is apparent that the party who has obtained an injunction will be entitled immediately to a second one. It is well, however, to examine whether, in point of fact, appellee has any good ground for asking for the dismissal of the appeal.

We have just held that the police jury has obtained an order of appeal which is still in force. It has made its appearance in this court through attorneys at law seeking the reversal of the judgment. It has been held by this court, on a number of occasions, that the signature of the appellant is not necessary to an appeal bond. It is enough that it be signed by a sufficient security. The obligation of the appellant to discharge any judgment which may be rendered against him on the appeal results from the judgment itself. Hennen's Digest, verbo "Appeal," subheading "Of the Bond," No. 4.

In Richardson v. Terrel, 9 Mart. (O. S.) 34, the Supreme Court declared that a plaintiff, appellant, may give the bond of two individuals for his prosecuting the appeal. It is not necessary that he should give his own.

We do not think the bond executed in this case can, under its recitals and terms, be held to be a bond of the police jury itself; but we think it a good and sufficient bond furnished by the president of the police jury himself in aid and support of the appeal. We think that appellee is sufficiently secured to warrant us in refusing to dismiss the appeal. The appeal is maintained.

### On the Merits.

Appellee has not asked for an amendment of the judgment. We must deal with that judgment as we find it. The trial judge in his judgment makes no allusion to the proceedings taken by the police jury in the matter of the special election held in the Third Ward for the parish of Calcasieu. He ab-

solutely ignores them, directing the issuing of a mandamus without any decree in respect to them. The police jury having been granted power and authority to deal with the subject of special elections touching local option in matters of liquor licenses, and having acted under its authority in this special case, its action in the premises bars the way to the issuing of any mandamus. It cannot be dealt with and acted upon as absolutely null. It controls the situation so long as those proceedings be not set aside or annulled in some legal proceeding. The authority of the sheriff and ex officio tax collector to act in the matter of the issuing of licenses is controlled by the action of the police jury. He is substantially and practically the executive officer of that body. The courts cannot ignore and override the authority of the police jury over him and force him by mandamus to do that which the police jury forbids him to do. He cannot be compelled by mandamus to disobey its orders; nor can its authority over him be broken down on the demand of some party in interest, except by prior decree of court rendered contradictorily with the police jury, setting aside its action, which decree would stand as the warrant for the sheriff.

We think, as matters stand, the judgment appealed from is erroneous, and it is hereby annulled, avoided, and reversed, without prejudice.