NICHOLLS, J.
The plaintiff alleged: That Robert D. Cain, Charles L. Smith, and J. T. Jones were then, and had been since the 1st of January of the current year (1907), engaged in the “sale of intoxicating liquors by retail in open saloons in Ward 3 of your aforesaid parish and state.” That the said Robert D. Cain, Charles L. Smith, and J. T. Jones are engaged in the sale of intoxicating liquors as above set forth without having obtained a license therefor. That the Legislature has granted to the police juries full authority to prohibit the sale of intoxicating liquors without license. That section 1214 of the Revised Statutes declares it shall be the duty of police juries to adopt such regulations as may be necessary to make effective such ordinances as they adopt, designated to prohibit the sale of intoxicating liquors without license. That in the exercise of the power thus conferred upon it, and in the discharge of the duty thus imposed upon it, “your petitioner, the police jury of the parish of Vernon, at its meeting in June last of the current year (1907), passed an ordinance” whereby it is provided:
“That the sheriff of the parish of Vernon be and he is hereby instructed to order the parties engaged in the sale of intoxicating liquors in Ward 3 of said parish without license to discontinue said business, and, if necessary, in order to put a stop to said illegal sale, to close the places where the same is now being conducted without license and without warrant or authority of law.”
That a copy of said ordinance is attached to and made part hereof.
That T. J. Davis, sheriff of said parish was immediately upon its passage served with a copy of said ordinance, accompanied with a written order to execute the same, a copy of said order being as follows, to wit:
“To T. J. Davis, Sheriff, or Any Deputy of Said Sheriff — Greeting:
“You are hereby notified that the police jury has passed an ordinance instructing the sheriff of the parish of Vernon to notify the parties engaged in the sale of intoxicating liquors in Ward 3 without license of said parish to immediately discontinue the sale, and in the event they should refuse to do so to take the necessary steps to close said business. A copy of said ordinance is attached to and made part hereof. In accordance with ordinance you are hereby instructed to at once notify the parties engaged in the sale of intoxicating liquors in Ward 3 without license to discontinue said business, and, should they refuse to do so upon receiving said notice, you are further ordered to put a stop to the aforesaid business by closing the places where same is being cai’ried on.
“Witness my hand and official signature this the 13th day of June, A. D. 1907.
“[Signed] J. J. Gryer, Pres. Police Jury.”
Now petitioner shows that the said T. J. Davis, sheriff, as aforesaid, has failed and refused to comply with the instructions and orders of your petitioner, the police jury of the parish of Vernon, and in so far as petitioner is advised, has given no heed thereto.
Petitioner further shows that the passage of said ordinance imposed upon the sheriff aforesaid a plain ministerial duty, and in failing and refusing to discharge the same imposes upon petitioner the duty to apply for a- writ of mandamus compelling the sheriff aforesaid to discharge the duty thus lawfully imposed.
In view of the premises petitioner prayed that a writ of mandamus issue herein, directed to T. J. Davis, sheriff of the parish of' Vernon, commanding him to comply with the order of the police jury as set forth in the ordinance hereto attached, and requiring him *865 to. put a stop to the further sale of intoxicating liquors in Ward 3 without license, or show cause why he should not do so. Petitioner finally prays for all necessary orders in the premises, for cost and for general relief.
Annexed to plaintiff’s petition was the following ordinance:
“An Ordinance.
“State of Louisiana, Parish of Vernon.
“Whereas, article 181 of the Constitution provides: ‘The regulation of the sale of alcoholic or spirituous liquors is declared to be a police regulation, and the General Assembly may enact laws regulating their sale and use.’
“And whereas, the Legislature of the state of Louisiana, in section 1211 of the Revised Statutes of the state, has provided that police juries of the several parishes of the state shall have exclusive power to make such rules and regulations for the sale, or the prohibition of the sale, of intoxicating liquors, as they may deem advisable, and to grant or withhold license from drinking houses and shops within the limits of the parish or ward of a parish as may be determined by ballot.
“And whereas, by an election duly and legally held a majority of the qualified voters of Ward 3 of Vernon parish, at an election held on December 21st last, voted against the issuance of license for that year, 1907.
“And whereas, notwithstanding the sheriff and ex officio tax and license collector, under instructions from the police jury and as the result of said election, has refused the issuance of', license for the sale of intoxicating liquors in said Ward 3, it has been brought to the attention of the police jury that certain persons are, and have been since the 1st day of January, openly engaged in keeping saloons and in selling intoxicating liquors in said Ward 3, without.license.
“And whereas, in addition to the law having declared in said section 1211 that police juries shall have exclusive power to make such rules and regulations for the prohibition of the sale of intoxicating liquors as they may deem advisable.
“Section 1214 of the Revised Statutes further provides: ‘It shall be the duty of the police juries of the several parishes, or the municipal authorities of the towns and cities, to adopt such regulations as may be necessary for. the purpose of carrying out the provisions of this act.’
“Be it ordained by the police jury of the parish of Vernon, that the sheriff of said parish be and he is hereby instructed to order the partios engaged in the sale of intoxicating liquors in Ward 3 without license to discontinue said business, and, if necessary - in order to put a stop to said illegal sale, to close the place where same is now being conducted without license and without warrant or authority of law.
“Be it further ordained that this ordinance take effect from and after its passage.
“Xeas: Bagents, Burleson, Carrol, Conerly, Grant, Word, Cryer. Nays: None. Absent: Allis and Hoglan.”
The defendant sheriff, without answering to the merits, and reserving the right to thereafter plead to the merits of the ease, pleaded an exception of no cause of action and that plaintiff’s petition disclosed no cause of action.
Second. That the pretended ordinance claimed to have been passed by the police jury of Vernon parish, La., and referred to in this petition, has no title, and therefore is unconstitutional, null, and void.
Third. That the police jury has exceeded its authority in attempting to pass such an ordinance ordering petitioner to violate the laws of this state.
Fourth. That the prayer of the petition herein asked for relief such as this court cannot grant. Wherefore he prayed that the exceptions be maintained and plaintiff’s suit be dismissed.
Under reservation of these exceptions, he answered. He first pleaded the general issue, denying each and every allegation in plaintiff’s petition, except what is hereinafter admitted. He specially denied the legality of the so-called ordinance passed by the police jury of this parish and referred to in its petition herein, which ordered respondent to interfere with the business now being conducted by R. D. Gain, Chas. L. Smith, and J. T. Jones, and pleaded that said ordinance is in violation of the Constitution, and was therefore illegal, null, and void.
That the Constitution of the state of Louisiana divides the state into three separate and distinct departments, viz., executive, legislative, and judicial; that respondent is an official of the judiciary department of the state, and the police jury of the parish of-Vernon is a subdivision of the legislative department; and that as such it has no legal *867 right to organize itself into a judicial body, such as it attempted to do in this case.
That it is his understanding that the police jury of this parish has the legal right to pass certain, ordinances not in conflict with the Constitution and laws of the state, and the judiciary of the state is to enforce them, and not the police jury.
He avers, further, that if R. D. Cain, Chas. L. Smith, and J. T. Jones'are violating the laws of this state, no affidavits, indictments, or bills of information have been filed against them and brought to the knowledge of respondent.
He avers, further, that he has been sheriff of Vernon parish for practically 12 years, and has always attempted to do his official duty in every instance, and, considering the order of the police jury to be illegal, null, and void, and such powers as are attempted to be usurped by them being vested in the judiciary, he has refused to obey the order.
In view of the premises, respondent prayed that the mandamus herein sued out be denied and rejected, at plaintiff’s costs, and for general and equitable relief.
The case was taken up upon the exception. The exception of no cause of action was sustained, and plaintiff has appealed. Appellee moved to dismiss the appeal on the ground that:
“First, since the record in this case has been lodged in this court a prohibition election has been held for the entire parish of Vernon and was carried for prohibition by a large majority, and the parties complained of in relator’s petition have closed their doors and gone out of business; hence the object sought by relator in this case has been accomplished by virtue of said election, and the sale of intoxicants in Ward 3 by three different parties has been stopped, and they have gone out of business. We attach to this motion to dismiss as evidence of this fact the affidavits of D. F. Smith and A. H. McElvean.
'“We also attach to this motion an agreement of counsel and proceedings of police jury promulgating the election above referred to, which was held in this parish on the 27th day of December, 1907.
“For these reasons, and others to be argued on trial of this case, we respectfully move this honorable court to dismiss this suit at relator’s expense.
" “We finally pray for all orders and decrees necessary in the premises, and for general, full, and equitable relief.”
In the brief filed on behalf of the police jury of the parish of Vernon, their counsel say:
“The police jury passed an ordinance instructing the_ sheriff to notify certain parties engaged in selling liquor without a license to discontinue the business, and, should they refuse to do so, to close the places of business where the traffic was illegally carried on.
“The sheriff refused to obey this order, and the police jury applied to the judge for an alternative writ of mandamus, requiring the sheriff to obey the orders of the police jury or show cause why he should not do so. A hearing on the writ applied for was granted, and on appearing the sheriff first filed an exception of no cause of action, followed by an answer.
“When the matter was taken up for trial, it was heard on the exception of no cause of action, which was sustained, and judgment rendered accordingly, denying to the police jury the writ applied for. The police jury has appealed from this judgment.”
There is but one single point involved in this proceeding, which is whether the police jury of Vernon parish had power and authority, by virtue of an ordinance, to establish official relations between itself and the sheriff of the parish of character such as to justify it in giving direct orders to the sheriff to carry out its instructions. The proposition contended for is that the police jury, of its own authority, can create and constitute the sheriff the executive officer of the police jury; that as such he is forced to recognize and obey orders given to him by the police jury in the same manner as he is forced to recognize and obey writs reaching him under orders of a court. There is no power and authority in a police jury to deal with the powers and duties of sheriffs and to subject' them to receiving direct orders from it. The powers and duties of sheriffs are fixed and governed by the General Assembly, and not by the police juries. If they are brought into official relations with police juries, pub- *869 lie boards, or political bodies of different kinds, tbis condition must result from some legislative action, and the legislative action determines and fixes the extent and character of the connection.
We notice that counsel of the police jury seeks to utilize in support of their position an expression used by this court in State ex rel. Cain v. Davies, 119 La. 247, 44 South. 9, where, referring to the sheriff and ex offi-cio tax collector, he is stated to be substantially and practically the executive officer of that body.
A reference to that decision will show the expression was not used in the sense which counsel seek to have placed upon it. The sheriff and tax collector was, in that case, sought to be mandamused by certain parties to issue them a liquor license. In order to succeed in their demand, it was essentially necessary for plaintiff to show that the sheriff was under a legal obligation to issue the licenses. So far from this having been made to appear, it was shown that an election had been held to take the sense of the people as to whether licenses should issue or not, and that the police jury, acting under its powers of promulgating the result, had announced that the vote of the people was against the issuing of licenses.
This court, referring to the question whether it was the legal duty of the tax collector to issue licenses, declared he had no independent right of his own as to issuing licenses; that his actions on that subject were controlled by the action of the police jury; that he was substantially the mouthpiece of the police jury. This is something entirely different from saying that the sheriff could be made to become, by the mere order of the police jury itself, a subordinate official of the police jury, obligated to obey its instructions. The moment we decide, as we do, that the police jury was without authority to issue to the sheriff the orders which it gave him and that he was under no legal obligation to obey the same, this case falls.
For the reasons assigned, the judgment appealed from is hereby affirmed.