**Rufus COLEMAN, Plaintiff-Appellant,**

v.

**Walter JOHNSTON, Justin A. McGowan, Kinzie Bluett and Frank G. Sain, Defendants-Appellees.**

**No. 11942.**

United States Court of Appeals Seventh Circuit.

Aug. 12, 1957.

Richard A. Lewin, Percival E. Thompson, Chicago, Ill., for plaintiff-appellant.

Harry H. Pollack, Asst. Corp. Counsel, Chicago, Ill., John C. Melaniphy, Corp. Counsel of the City of Chicago, Chicago, Ill., for defendants-appellees. Sydney R. Drebin, Asst. Corp. Counsel, Chicago, Ill., of counsel.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

■ By their motion to dismiss plaintiff Coleman's complaint seeking redress under the Civil Rights Act, 42 U.S.C.A. § 1983, defendant police officers and warden, admitted all facts well pleaded. Chicago & Northwestern Ry. v. First Nat. Bank, 7 Cir., 1952, 200 F.2d 383, 384. Yet the district judge, erroneously we think, dismissed the cause because the complaint failed to state a cause of action under the Civil Rights Act "for the reason that no deprivation of a Constitutional right is alleged." Of course, under the applicable Rule of Federal Civil Procedure findings were unnecessary in this instance. Rule 52(a), 28 U.S. C.A.

■ We think the following allegations [see: McCollum v. Mayfield, D.C. N.D.Cal.1955, 130 F.Supp. 112; Geach v. Moynahan, 7 Cir., 1953, 207 F.2d 714] spelled out enough to prevent the summary disposition.

"4. That on said date the defendants, Walter Johnston and Justin A. McGowan, without any warrant arrested the plaintiff, Rufus Coleman, at or near 5510 South Michigan Avenue in Chicago, Illinois and caused the said Rufus Coleman to be imprisoned in the Bridewell Hospital, the same being part of a certain jail maintained by the City of Chicago, sometimes called the 'Bridewell' and sometimes called the 'House of Correction.' That at the time of said arrest and incarceration as aforesaid it was well known to the defendants, Walter Johnston, Justin A. McGowan, and Kinzie Bluett, that the plaintiff, Rufus Coleman, was suffering from certain bullet wounds in his left leg which had been inflicted upon him immediately prior to his aforesaid arrest.

"5. That upon his arrest as aforesaid the defendants, Walter Johnston, Justin A. McGowan, and

Kinzie Bluett, refused to charge the plaintiff, Rufus Coleman, with the commission of any crime, misdemeanor, or violation of any ordinance of the City of Chicago but on the contrary arrested and held the said plaintiff on what in police terminology is called an 'open' charge, which means that the plaintiff was not charged by the police or by any one else with the commission of a crime, misdemeanor, or violation of any ordinance.

"6. That on September 5, September 6, and September 7, 1955, the defendants, Walter Johnston and Justin A. McGowan, were requested by the plaintiff's sister to either place a charge of the commission of a crime or misdemeanor or other offense against the plaintiff or to bring him before an examining magistrate so that bond could be set for him, or to set for him, a bond for him themselves, all of which the defendants, Walter Johnston and Justin A. McGowan, acting with the acquiescence, knowledge and approval of the defendant, Kinzie Bluett, failed, neglected and refused to do, persisting in holding the plaintiff upon the so-called 'open' charge.

"7. That at all times mentioned herein the aforesaid jail where the plaintiff was incarcerated, the same being variously called the 'House of Correction,' 'Bridewell,' or 'Bridewell Hospital,' was in charge of a warden or overseer, who is and was the defendant, Frank Sain. That the said defendant Frank Sain, wrongfully held the plaintiff at the request of the other defendants without any commitment, warrant, or authority from September 5, 1955 until September 8, 1955.

"8. That on September 5, 1955, at the time the plaintiff was incarcerated in the said Bridewell Hospital in the custody of the defendant, Frank Sain, he was desperately in need of medical attention on account of the bullet wounds which he had

sustained, as hereinbefore set forth, which fact was well known to all of the defendants herein. That the said defendants and each of them, in spite of their knowledge of said fact, neglected, and refused to furnish the plaintiff with medical attention in spite of the fact that they knew or, in the exercise of ordinary care, should have known that his left leg was infected and that between September 5 and September 8, 1955, said infection was continually becoming more acute and more rampant."

"11. That the charge of assault with a deadly weapon placed against the plaintiff by the defendant police officers on September 8, 1955 was made by them without reasonable cause and without justification and, in order to justify said action, the said defendant police officers did, on September 20, 1955, prevail upon one Albert Swanson to file in the Municipal Court of Chicago a sworn complaint against the plaintiff, charging the plaintiff with the misdemeanor of assault with a deadly weapon, that said cause, upon the complaint of the said Albert Swanson, came on for hearing in the said Municipal Court of Chicago on January 27, 1956 and the plaintiff was, by order of court, discharged.

"12. That as a direct and proximate result of the plaintiff's incarceration, in violation of the Fourteenth Amendment of the Constitution of the United States of America, and having received no medical attention during said period of incarceration, the infection in the plaintiff's left leg had reached such a point that it was impossible to treat the same by conservative measures and said leg was thereafter amputated. That by reason thereof the plaintiff has been unable to follow his usual trade and vocation and has lost divers large sums of money which would otherwise have accrued to him and he will in the future lose

divers large sums of money by reason of being unable to attend to his usual business; that he has been compelled to expend and become liable for divers large sums of money for doctors, hospitals, and nurses; that he has suffered, and will in the future suffer, greatly in body and mind as a result of his aforesaid injury."

After reading defendants' brief, we are satisfied it is virtually an answer to the merits and accordingly they ought to be given that opportunity below. The sole question on this record is whether on all the facts admitted this complaint states a cause of action. Instead of meeting the procedural point defendants treat us to an argumentive responsive explanation of the complaint.

The judgment appealed is reversed and the cause is remanded with directions to overrule the motion to dismiss and that defendants answer the complaint.

Reversed and remanded with directions.