**Leon G. SCHACK, Appellant,**

v.

**STATE OF FLORIDA, Appellee.**

**No. 25265.**

United States Court of Appeals
Fifth Circuit.

March 15, 1968.

Certiorari Denied June 10, 1968.

See 88 S.Ct. 2080.

---

Leon G. Schack, pro se.

Earl Faircloth, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

Appellant, an inmate of the Florida State Prison at Raiford, petitioned the District Court to require prison officials to provide him with immediate dental care. The District Court denied relief without a hearing and this appeal followed. We affirm.

Appellant alleges that he will lose some of his teeth unless he receives dental treatment immediately, and that he cannot await his turn for regular dental treatment. He also alleges that the only treatment which the prison dentist will give is to extract teeth. This is contradicted, however, by his allegation that a prison dentist, at another prison in the state system where he was formerly confined, has prepared one of his teeth for capping. He acknowledges that emergency care is available in case of pain but contends again that this will result only in the removal of the offending tooth or teeth.

The Seventh Circuit Court of Appeals said in United States ex rel. Lawrence v. Ragen, 7 Cir., 1963, 323 F.2d 410, 412, that:

"State prison officials must of necessity be vested with a wide degree of discretion in determining the nature and character of medical treatment to be afforded state prisoners. It is not the function of federal courts to interfere with the conduct of state officials in carrying out such duties under state law, * * *"

On the other hand, there may be cases where the deprivation of medical care will warrant judicial inquiry and action. Cf. Edwards v. Duncan, 4 Cir., 1966, 355 F.2d 993 (federal prisoner); Talley v. Stephens, E.D.Ark., 1965, 247 F.Supp. 683 (state prisoner).

We have couched the test in terms of an abuse of discretion on the part of federal prison officials. Thompson v. Blackwell, 5 Cir., 1967, 374 F.2d 945. The Court of Appeals for the Ninth Circuit noted in Snow v. Gladden, 9 Cir., 1964, 338 F.2d 999, a case involving the ulcer diet of a state prisoner, that prison authorities have a wide discretion as to the treatment of prisoners. See also Stiltner v. Rhay, 9 Cir., 1967, 371 F.2d 420.

We agree with the District Court that the appellant here has not alleged such inadequacy or deprivation of dental treatment as would justify the intervention of the federal court. Additionally, it was not error to deny an evidentiary hearing under the circumstances.

Neither is there merit in the appellant's contention that the District Court erred in refusing to appoint counsel for him. See United States ex rel. Gardner v. Madden, 9 Cir., 1965, 352 F. 2d 792; Cole v. Smith, 8 Cir., 1965, 344 F.2d 721.

The judgment of the District Court is affirmed.