James Edward **WOOD**

v.

**MARYLAND CASUALTY COMPANY.**

James Edward **WOOD**

v.

**Sheriff W. E. WAGGONER et al.**

**Civ. A. Nos. 15145, 15151.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 10, 1971.

Sylvia Roberts, Baton Rouge, La., Maynard E. Cush, Shreveport, La., for plaintiff.

Frank M. Cook, Benjamin C. King, Cook, Clark, Egan, Yancey & King, Shreveport, La., John M. Benton, Dist. Atty., Minden La., for defendants.

DAWKINS, Chief Judge.

## RULING ON MOTIONS TO DISMISS

James Edward Wood here seeks damages for injuries sustained while he was confined as a prisoner in the Bossier Parish Jail at Benton, Louisiana. He asserts a claim under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments, alleging violation of his constitutional and civil rights by defendants acting under color of law. The named defendants are W. E. Waggoner, Sheriff of Bossier Parish and the individual members of the Bossier Parish Police Jury and their public liability insurer, Maryland Casualty Company. The Police Jury as a legal entity was not named as a defendant.

The complaint alleges that while held as a prisoner in the Bossier Parish Jail, Wood was a victim of a battery by another prisoner who threw a lighted can of lighter fluid over his body, resulting in serious burns and other personal injuries. The complaint then alleges that Wood was rendered no medical aid for an indefinite period of time but subsequently was taken to the Confederate Memorial Hospital in Shreveport, Louisiana, where he remained nine weeks. Complainant further alleges that, after his release from the hospital, he was returned to the Bossier Parish Jail but denied "proper and adequate treatment despite repeated requests for medical assistance made to agents, servants and/or employees of defendants."

All defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

## BOSSIER PARISH POLICE JURY MEMBERS

██ ██ Complainant attempts to assert a claim against the individual members of the Police Jury, based upon the following acts or omissions:

1. Failure to provide adequately trained security personnel to supervise the inmates in the Bossier Parish Jail.

2. Failure to take steps to safeguard other inmates such as complainant against those inmates who they know or should know have vicious propensities.

3. Failure to provide prompt, adequate medical treatment to complainant immediately after the attack upon him and following his discharge from the hospital.

The complaint against the individual members of the Police Jury is predicated upon plaintiff's conclusion that management and control of prisoners in the Bossier Parish Jail is the legal responsibility of the individual members of the Police Jury or of the body as a body politic. The complaint asserts that the individual members of the Police Jury, as well as the Police Jury as a body politic, have the right and duty to supervise and control the activities which allegedly resulted in complainant's injuries.

La.R.S. 33: 4715 provides that the Police Jury of each Parish shall provide a good and sufficient jail. We think it clear, however, that this statute which provides that these buildings and facilities shall be so furnished or provided does not charge the Police Jury or its individual members with the duty or responsibility of operating the various functions of the jail which form the foundation for this complaint.

The office of *Sheriff* is an elective constitutional office (La. Const. Art. 7, Sec. 65). This office and its duties and functions are entirely separate and distinct from the Police Jury and its members. The Louisiana Supreme Court has delineated the relationship between these two offices or branches of government:

"There is but one single point involved in this proceeding, which is whether the police jury of Vernon Parish had power and authority, by virtue of an ordinance, to establish official relations between itself and the sheriff of the parish of character such as to justify it in giving direct orders to the sheriff to carry out its instructions. The proposition contended for is that the police jury, of its own authority, can create and constitute the sheriff the executive officer of the police jury; that as such he is forced to recognize and obey orders given to him by the police jury in the same manner as he is forced to recognize and obey writs reaching him under orders of a court. *There is no power and authority in a police jury to deal with the powers and duties of sheriffs and to subject them to receiving direct orders from it.* The powers and duties of sheriffs are fixed and governed by the General Assembly, and not by the police juries." (Emphasis added.) State ex rel. Police Jury of Parish Vernon v. Davis, 120 La. 862, 45 So. 838 (1908). See also La. R.S. 42:33.

Moreover, La. R.S. 33:1435 provides that "[e]ach sheriff shall be keeper of the public jail of a parish, and shall preserve the peace and apprehend public offenders." Under Louisiana law, the Bossier Parish Police Jury and its individual members have no legal right or duty to employ deputy sheriffs or other persons to control the internal management of the Parish Jail. This right and duty is conferred solely upon the Sheriff of each Parish.

The Police Jury here, and its members, had no legal right or duty to interfere with the Sheriff, or to direct him in the administration of and care of prisoners in the jail. Absent such a legal right or duty on the part of these defendants and absent any lawful power or means to control the internal management of the jail, there can be no violation of a duty, express or implied, to-

ward complainant based upon these allegations.

Accordingly, the motion to dismiss urged by the members of the Bossier Parish Police Jury and Maryland Casualty Company, the alleged insurer, for failure to state a claim upon which relief can be granted is granted, and these named defendants hereby are dismissed from this suit.

## SHERIFF W. E. WAGGONER

The Court of Appeals for the Fifth Circuit has enunciated its standard with respect to motions to dismiss in Section 1983 actions:

"[It must] appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle them to relief. See Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Coleman v. Johnston, 7 Cir., 1957, 247 F.2d 273; Hardwick v. Hurley, 7 Cir., 1961, 289 F.2d 529." Hughes v. Noble, 295 F.2d 495 (5th Cir. 1961).

As set forth above, under Louisiana law the Sheriff is charged with the responsibility of internal administration of the Parish Jail. The controlling question on this motion is whether complainant beyond doubt fails to allege facts which support a claim under 42 U.S.C. § 1983.

■ Section 1983 protects only *federal* rights that are violated under color of state law. Complainant alleges he was denied protections afforded by the Eighth and Fourteenth Amendments. It is plain, however, that mere negligence does not support a claim under Section 1983. See *e. g.*, Kent v. Prasse, 385 F. 2d 406 (3rd Cir. 1967); Hurley v. Field, 282 F.Supp. 34 (C.D. Calif. 1968); Cullum v. California Dept. of Corrections, 267 F.Supp. 524 (N.D. Calif. 1967). *Cf.* Dorsey v. N. A. A. C. P., 408 F.2d 1022 (5th Cir. 1969); Sauls v. Hutto, 304 F. Supp. 124 (E.D. La. 1969).

"It may be that negligent conduct, in the appropriate circumstances, will support an action under section 1983 * * * Mere negligent failure to act, standing alone, however, would seem insufficient." Williams v. Field, 416 F.2d 483 (9th Cir. 1969).

■■ Except under exceptional circumstances, internal matters concerning state prisons and parish jails are the sole concern of the state, and federal courts will not interfere. The claims here that there was a failure to provide adequately trained personnel to supervise the inmates and that there was a failure to isolate complainant from one with allegedly dangerous propensities do not meet the "exceptional circumstances" test which permits or requires intervention by federal Courts. Those bases for the complaint allege simple negligence, of which Section 1983 is not cognizable.

■ Claims of unavailable and inadequate medical treatment can give rise to federal protections under Section 1983. It is recognized that:

"[s]tate prison officials must of necessity be vested with a wide degree of discretion in determining the nature and character of medical treatment to be afforded state prisoners. It is not the function of federal courts to interfere with the conduct of state officials in carrying out such duties under state law. * * *" U.S. ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963), cited with approval in Schack v. Florida, 391 F.2d 593 (5th Cir. 1968).

It is also recognized that under "exceptional circumstances" failure to provide adequate medical care does give rise to an action under Section 1983. See, e. g., U. S. ex rel., Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964) cert. den. 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1964); Coleman v. Johnston, 247 F.2d 273 (7th Cir. 1957).

■ With respect to rendition of (or failure to render) medical care, complainant alleges that it was not promptly afforded, that it was inadequate,* and,

---

* We could and would not second-guess the medical personnel.

most significantly, that upon his return from the hospital, after *repeated requests*, he was unable to secure *any* medical treatment for the residual effect of his serious injuries.

We conclude that complainant has alleged much more than an isolated instance of failure to provide adequate medical care. See Williams v. Field, 416 F.2d 483 (9th Cir. 1969); Fear v. Pennsylvania, 413 F.2d 88 (3rd Cir. 1969); Schack v. Florida, 391 F.2d 593 (5th Cir. 1968). *Cf.* Sinclair v. Henderson, 435 F.2d 125 (1970, 5th Cir.). While a claim of inadequate medical care *alone* generally will not support a Section 1983 action, where as here, there is a claimed failure initially to promptly provide medical care *and* a claim of repeated attempts to gain treatment for very serious injuries, we think this constitutes "exceptional circumstances" which forecloses summary dismissal.

On the basis of the allegations in the complaint, we cannot say "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Accordingly, the motion to dismiss urged by Sheriff W. E. Waggoner is denied.