341 So.2d 1304 (1977)
Frank COSENZA, Sr., et ux., Plaintiffs,
v.
AETNA INSURANCE COMPANY et al. CITY OF PINEVILLE, Louisiana, Defendants-Third-Party Plaintiffs-Appellants,
v.
PARISH OF RAPIDES, Through the RAPIDES PARISH POLICE JURY, Third-Party Defendant-Appellee.
No. 5794.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Ford & Nugent by William M. Ford, Alexandria, and Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for defendants-third party plaintiffs-appellants.
Wilson & Sexton by R. Gray Sexton, Baton Rouge, James C. Downs, Alexandria, for plaintiffs-appellees.
Stafford, Randow, O'Neal & Scott by Grove Stafford, Jr. and John W. Scott, Alexandria, Gravel, Roy & Burnes by Richard V. Burnes, Alexandria, Gist, Methvin & Trimble by Dorwan G. Vizzier, Alexandria, for defendants-appellees.
Before DOMENGEAUX, WATSON, and FORET, JJ.
DOMENGEAUX, Judge.
Plaintiffs, Mr. and Mrs. Frank Cosenza, Sr., instituted this action for damages (resulting from an alleged unlawful arrest) against several parties, including defendant-third party plaintiff-appellant, the City of Pineville. The City of Pineville filed a third party demand against the Parish of Rapides, third party defendant-appellee herein. The Parish of Rapides filed a motion for summary judgment which was granted. From this judgment the city of Pineville has appealed. We affirm.
On or about June 4, 1974, Mr. and Mrs. Gerard Guillory, residents of Pineville, Louisiana, appeared before the Clerk of the City Court of Pineville, Louisiana, Mrs. Betty DeKeyser, and executed a sworn affidavit charging one Mrs. Frank Cosenza with an alleged violation of LSA-R.S. 14:59(7). Acting upon this information, Mrs. DeKeyser issued a warrant for Mrs. Cosenza's arrest, and same was carried out by members *1305 of the pineville City police Department. The record reveals that the wrong "Mrs. Frank Cosenza" was arrested, and this litigation ensued.
The City of Pineville specifically denied any responsibility for the actions of Mrs. DeKeyser, the Clerk of City Court, but in the alternative (in its third party demand against the Parish of Rapides) alleged that the parish and itself were "joint employers or masters of the said City Court".[1] In his written reasons for judgment on the parish's motion for summary judgment, the trial judge stated:
"The evidence is clear and uncontradicted that the City Court Clerk, Mrs. Betty DeKeyser, is in no way an employee of Rapides Parish, Louisiana."
This appeal presents a single issue for determination: Is the Parish of Rapides legally responsible for the actions of the Clerk of the City Court of Pineville, Louisiana? We think not.
The Legislature has provided for the creation of the numerous City Courts in existence in our state pursuant to the authority granted by LSA-Const. 1921 Art. 7, Sec. 51, and continued in LSA-Const. 1974 Art. 5, Sec. 15. See also LSA-R.S. 13:1872, 13:1951-52.
Our courts have previously held that a "state office" is one created by the Legislature or the Constitution. See State v. Dark, 195 La. 139, 196 So. 47 (La.1940); State v. Titus, 152 La. 1011, 95 So. 106 (La. 1922). In the case of Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (La.1952), the office of City Judge was held to be a "state office".
Pursuant to LSA-R.S. 13:1884, each City Judge:
"... shall appoint a Clerk for both the civil and criminal sections of the court who shall serve at the pleasure of the judge and until his successor is appointed and qualified."
The salary of the City Judge is paid in different proportions by his particular city and parish as well as by the state of Louisiana. LSA-R.S. 13:1874. The salary of the Clerk of a City Court is paid, in equal proportions, by the city and parish of the court's domicile. LSA-R.S. 13:1888. Under the statutory scheme developed by the Legislature the city in which the the court is domiciled is required to provide a suitable courtroom and offices for the city judge and other court personnel. LSA-R.S. 13:1889.
Although the Parish of Rapides contributes to the salaries of both the city judge of the Pineville City Court and his employee, the city court clerk, we are of the opinion that the relationship between the Parish and the Judge (and his clerk) terminates at that point. The City Court and the office of City Judge are created by legislative act based upon authority derived from the state constitution. As such, the city judge is a state officer and the police jury of Rapides Parish or any other executive body at that level is powerless to interfere with or direct the activities of the court.
In the case of State ex rel Bass v. Mayor and Board of Aldermen of City of Oakdale, 204 La. 940, 16 So.2d 527, the city council attempted to eliminate the office of city marshall (created by the Legislature) by drastically reducing that officer's salary. The Supreme Court held that when the Legislature has created an office a city council cannot nullify or abolish it by any direct or indirect means.
In cases involving the operations of sheriffs' departments our courts have held that a police jury or parish has no authority to interfere with the operations of a sheriff's department, the latter being a constitutionally created office. See Wood v. Maryland Casualty Company, 322 F.Supp. 436 (D.C. La. 1971) (Western District of Louisiana), and State ex rel Police Jury of Parish of Vernon v. Davis, 120 La. 862, 45 So. 838 (La.1908).
*1306 Following that principle, the logical conclusion was stated in Nielson v. Jefferson Parish Sheriff's Office, 242 So.2d 91 (La. App. 4th Cir. 1970):
"The court is of the opinion that as a matter of law, the Parish of Jefferson exercises no power or discretion in the functioning of the Jefferson Parish Sheriff's Office. The Sheriff's Office is a constitutional office, LSA-Const. Art. 7 § 65. It exists and functions independently of the governing body of the Parish. LSA-Const. Art. 14 § 3(c). Therefore there can be no vicarious liability on the part of the Parish of Jefferson for the acts of the Sheriff of Jefferson or any of his deputies."
See also the separation of powers doctrine embodied in LSA-Const. 1974 Art. 2, Sec. 1.
Likewise, we are of the opinion that the Parish of Rapides exercises no power or discretion in the functioning of the City Court of Pineville, Louisiana. Thus, we fail to see how any vicarious liability whatsoever exists on behalf of the Parish of Rapides for alleged tortious conduct of an employee of the constitutionally and statutorily created City Court of Pineville. Simply stated, the City Judge is a state officer, and the Clerk is his employee. The Parish of Rapides is not an employer or master of the City Court as alleged in the City of Pineville's petition. Ergo the Parish of Rapides is, under no theory, responsible for the actions of the Judge of the City Court of Pineville or those of his employees.
For the above and foregoing reasons the judgment of the district court granting the motion for summary judgment in favor of the Parish of Rapides is affirmed. Costs of this appeal are assessed against the City of Pineville.
AFFIRMED.
NOTES
[1] The question of the City of Pineville's liability or responsibility under the current factual posture of this case is not before us at this time.