Donald O. **LANSDOWN** and Melvin D.
Sears, Appellants,

v.

Dr. F. E. **WORTHEY**, Appellee.

No. 71–1080.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1971.

Decided April 24, 1972.

------◆------

Harold J. Fisher, Woolsey, Fisher,
Clark & Whiteaker, Springfield, Mo., for
appellee.

Elwyn L. Cady, Jr., Independence,
Mo., for appellants.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior
District Judge.*

VAN PELT, Senior District Judge.

This action was brought under 42 U.
S.C.A. § 1983. A verdict was directed
against plaintiffs, appellants herein, at
the close of their evidence. We affirm.

Appellants claim that defendant, who
is a medical doctor, deprived each of
them, to their injury, of certain constitutional rights and privileges in violation of § 1983, *supra*, in that he failed
to render medical service to them after
an alleged beating which they claim was
inflicted in the Wright County jail at
Hartville, Missouri, by the sheriff and
deputy sheriff of Wright County, while
they were inmates.

Separate § 1983 actions against each
of these officers were combined for trial
with this case. While the court has
been advised of the verdicts in these two
cases they have no bearing on the issue
here.

The sole issue here is whether the evidence is sufficient to submit to a jury
the question of the liability of Dr.
Worthey to plaintiffs under § 1983 of
the Civil Rights Act.

It is stated in the complaint that Dr.
Worthey was "the designated physician
who had assumed the responsibility of
rendering medical aid to persons in custody at said County Jail pursuant to
custom and color of law of the said
County and State" and that he failed to
render such aid and "consequently violated the provisions of the Ku Klux Act
. . . . ."

There is no allegation in the complaint
connecting Dr. Worthey with the beatings, and no claim that he was present
when inflicted.

Dr. Worthey is a medical doctor practicing at Hartville. He has never held
an appointment as county physician.

* Senior District Judge for the District of Nebraska sitting by designation.

The argument disclosed that he is not the only physician in the county. He was never called to render aid to either appellant for the alleged injuries here involved. He had no knowledge of their injuries. His treatment of Sears for a metal splinter in the eye was prior to the alleged beating. Thus at the time of the claimed beating, the physician-patient relationship with Sears had terminated. He had no duty by contract or by state law or statute to go to the jail at other times. He was paid for any calls he made by billing the "County court, county clerk" (T. 11). He did not make regular or periodic calls at the jail. He visited the jail only when called by the sheriff. After the beatings and prior to the time they were taken to the State Penitentiary, he was called and vaccinated both plaintiffs.

42 U.S.C.A. § 1983 gives protection when "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" one's rights have been violated.

It is well pointed out in the majority opinion in Adickes v. Kress & Co., 398 U.S. 144, 166–167, 90 S.Ct. 1598, 1613, 26 L.Ed.2d 142 (1970), that a custom or usage for the purpose of this section "requires state involvement and is not simply a practice that reflects long-standing social habits, generally observed by the people in a locality." It is doubtful if there would be liability even if it had been Dr. Worthey's custom to make periodic calls at the jail without call from the sheriff. Such is not the type of "custom or usage" referred to in *Adickes, supra,* which "must have the force of law by virtue of the persistent practices of state officials."

As above noted, Dr. Worthey had no contract of any kind with the county or with the sheriff's office. He was not a state or county official and state involvement was completely lacking. It is thus clear that this case, so far as Dr. Worthey is concerned, does not fall within the purview of § 1983. We express no opinion on the cases against the officers. Under the evidence in this case, it cannot be said that Dr. Worthey was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" as required by § 1983.

The judgment is affirmed.