No. 98,607

GARY LLOYD MCCRACKEN, *Appellant*, v. FRANK KOHL,
LEAVENWORTH COUNTY ATTORNEY, *Appellee*.

(191 P.3d 313)

Opinion filed September 5, 2008.

*Rhonda Keylon Levinson*, of Levinson & Levinson, PA, of Basehor, argued the cause and was on the brief for the appellant.

*Frank E. Kohl*, county attorney, argued the cause, and *Paul J. Morrison*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

JOHNSON, J.: Gary Lloyd McCracken appeals the district court's dismissal of his petition for a writ of habeas corpus in which he sought immunity from prosecution for multiple counts of aggravated battery based upon the self-defense provisions of K.S.A. 21-3219. The district court found that McCracken had failed to meet his burden of proving his entitlement to the statutory immunity. On appeal, McCracken argues the sufficiency of his evidence. Finding that the district court did not arbitrarily disregard undis-

puted evidence or base its decision on extrinsic considerations, we affirm.

*UNDERLYING INCIDENT*

The genesis for these proceedings was an incident at or near McCracken's residence during which he confronted Gerry Parker, Danielle Carothers, and Wendy Lane. McCracken was acquainted with Carothers and Parker, who had been at McCracken's house in the past.

McCracken's version of events starts while he was at his father's home and Carothers called his cell phone to inquire whether McCracken was home. When he responded in the affirmative, Carothers said, "No you're not," laughed, and hung up. About an hour later, McCracken drove the 5 to 6 miles from his father's home to his rural residence, concerned about a possible burglary at his house, given that his property had previously been burglarized. Upon arrival, McCracken found Parker's vehicle parked in his driveway on the outside of a closed, chained, and locked gate blocking further access to the residence. McCracken pulled past the driveway and parked on the side of the road. He discovered the parked vehicle was unoccupied, and no one was in the vicinity. Subsequently, McCracken noticed Parker carrying a flashlight between the locked gate and the residence. McCracken testified that a confrontation ensued, during which Parker jumped on the vehicle parked in the driveway, hit or kicked McCracken on the left side of the face, pulled a knife, and threatened to kill McCracken. When the two women arrived at the gate, Parker hid the knife from their view. One of the women was carrying a large purse and a small duffle-size bag which McCracken believed contained items taken from his residence. McCracken returned to his vehicle and drove across the road to a neighbor's drive, while the three others got into Parker's vehicle. However, when the Parker vehicle, which was blocking McCracken's access to his residence, failed to leave, McCracken used his vehicle to push Parker's vehicle into the ditch as a protective measure.

Parker and the two women described a different scenario to law enforcement. They said that McCracken had invited them to his

house. When they arrived, they climbed the gate to walk to the house and called McCracken on his cell phone. By the time the group walked back to the gate, McCracken was present. He became very angry and yelled at them for jumping over the gate. However, they denied that there had been any physical altercation or that Parker had displayed a knife. They said that when everyone returned to their respective vehicles, McCracken's vehicle was blocking the driveway, preventing the Parker vehicle from leaving. McCracken then backed his vehicle into the Parker vehicle.

*PROCEDURAL HISTORY*

McCracken was charged with three counts of aggravated battery and one count of criminal damage to property, based upon using his vehicle to push the Parker vehicle in the ditch, while it was occupied by Parker, Carothers, and Lane. We note that no record of the criminal proceeding appears in our record on appeal. However, the parties conceded at oral argument that a preliminary hearing was conducted at which the district court made the requisite probable cause findings.

During the pendency of the criminal proceedings, McCracken filed a writ of habeas corpus, claiming that he was being restrained by the complaint filed against him by the office of the Leavenworth County Attorney. McCracken alleged that the restraint was wrongful because he was immune from criminal prosecution under the newly amended self-defense statute because his use of force was permissible.

The State answered, denying that the evidence supported a claim of statutory immunity from prosecution, and requested the district court to summarily dissolve the petition for writ of habeas corpus. The State also filed a motion for judgment on the pleadings, challenging whether a claim of statutory immunity could first be raised in a petition for habeas corpus pursuant to K.S.A. 60-1501. The State's position was that McCracken sought to collaterally attack the prior judicial determination that probable cause existed to find that McCracken committed the crimes for which he was charged. Furthermore, the State asserted that a claim of statutory immunity under 21-3219 should be raised prior to the

judicial determination of probable cause. Finally, the State moved to dissolve the writ based on McCracken's failure to allege any facts that would support the issuance of the writ or support the relief sought by the petition.

The district court denied the State's motions to dissolve the writ of habeas corpus and for judgment on the pleadings. It found that the writ was the most expedient method to resolve the issue of immunity, that McCracken was not collaterally attacking the finding of probable cause, and that the issue of immunity did not need to be raised prior to the finding of probable cause. The matter was set for an evidentiary hearing. The district court ruled that McCracken had the burden of proof to show by a preponderance of the evidence that he qualified for immunity pursuant to K.S.A. 21-3219.

Before the hearing, the State filed a motion to reconsider the district court's denial of its motions. The district court denied the motion to reconsider at the beginning of the evidentiary hearing. Following the evidentiary hearing, the district court dismissed the writ, finding that McCracken had not met his burden of proof to show that he was entitled to immunity from prosecution based upon the new self-defense statute, *i.e.*, the evidence was insufficient to grant immunity. However, the district court also found that its ruling on the habeas petition did not have any effect on whether McCracken would be entitled to a self-defense instruction in the trial of his criminal case.

McCracken timely appealed the district court's dismissal. The appeal was transferred to the Supreme Court on its own motion pursuant to K.S.A. 20-3018(c).

## STATUTORY PROVISIONS

In 2006, the legislature enacted K.S.A. 21-3219, adding subsection (c) in 2007 (L. 2007, ch. 169, sec. 1). The current statute reads:

"(a) A person who uses force which, subject to the provisions of K.S.A. 21-3214, and amendments thereto, is justified pursuant to K.S.A. 21-3211, 21-3212 or 21-3213, and amendments thereto, is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer who was acting in the performance of such

officer's official duties and the officer identified the officer's self in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, 'criminal prosecution' includes arrest, detention in custody and charging or prosecution of the defendant.

"(b) A law enforcement agency may use standard procedures for investigating the use of force as described in subsection (a), but the agency shall not arrest the person for using force unless it determines that there is probable cause for the arrest.

"(c) A county or district attorney or other prosecutor may commence a criminal prosecution upon a determination of probable cause." K.S.A. 21-3219.

K.S.A. 21-3214, to which the immunity statute is subject, deals with the use of force by an aggressor. It provides that the self-defense justification in K.S.A. 21-3211, K.S.A. 21-3212, and K.S.A. 21-3213 is not available to a person who:

"(1) Is attempting to commit, committing, or escaping from the commission of a forcible felony; or

"(2) Initially provokes the use of force against himself or another, with intent to use such force as an excuse to inflict bodily harm upon the assailant; or

"(3) Otherwise initially provokes the use of force against himself or another, unless:

(a) He has reasonable ground to believe that he is in imminent danger of death or great bodily harm, and he has exhausted every reasonable means to escape such danger other than the use of force which is likely to cause death or great bodily harm to the assailant; or

(b) In good faith, he withdraws from physical contact with the assailant and indicates clearly to the assailant that he desires to withdraw and terminate the use of force, but the assailant continues or resumes the use of force." K.S.A. 21-3214.

As stated, a prerequisite to immunity is that the use of force be justified by K.S.A. 21-3211, K.S.A. 21-3212, or K.S.A. 21-3213. K.S.A. 21-3211 deals with the defense of a person and provides:

"(a) A person is justified in the use of force against another when and to the extent it appears to such person and such person reasonably believes that such force is necessary to defend such person or a third person against such other's imminent use of unlawful force.

"(b) A person is justified in the use of deadly force under circumstances described in subsection (a) if such person reasonably believes deadly force is necessary to prevent imminent death or great bodily harm to such person or a third person.

"(c) Nothing in this section shall require a person to retreat if such person is using force to protect such person or a third person."

K.S.A. 21-3212 addresses the defense of a dwelling:

"(a) A person is justified in the use of force against another when and to the extent that it appears to such person and such person reasonably believes that such force is necessary to prevent or terminate such other's unlawful entry into or attack upon such person's dwelling or occupied vehicle.

"(b) A person is justified in the use of deadly force to prevent or terminate unlawful entry into or attack upon any dwelling or occupied vehicle if such person reasonably believes deadly force is necessary to prevent imminent death or great bodily harm to such person or another.

"(c) Nothing in this section shall require a person to retreat if such person is using force to protect such person's dwelling or occupied vehicle."

Finally, K.S.A. 21-3213 describes the justification for defending property other than a dwelling:

"A person who is lawfully in possession of property other than a dwelling is justified in the threat or use of force against another for the purpose of preventing or terminating an unlawful interference with such property. Only such degree of force or threat thereof as a reasonable man would deem necessary to prevent or terminate the interference may intentionally be used."

Additionally, McCracken relies on another 2006 enactment, K.S.A. 21-3218, which provides:

"(a) A person who is not engaged in an unlawful activity and who is attacked in a place where such person has a right to be has no duty to retreat and has the right to stand such person's ground and meet force with force."

*ISSUES NOT ADDRESSED*

Before proceeding, we pause to clarify what is not being addressed or decided in this opinion. In its responsive brief, the State argues that a petition for writ of habeas corpus was improper in this case, suggesting that McCracken was required to first raise the immunity issue in the criminal proceeding through a motion to dismiss. The generalized argument further suggests that by failing to timely file a motion to dismiss in the criminal proceeding, McCracken waived his right to claim the statutory immunity.

Initially, we note that no record of the criminal proceedings was included in the record on appeal. Therefore, we would have to take on faith that the issue was not raised in that proceeding.

More importantly, however, the State challenged the propriety of employing a K.S.A. 60-1501 petition in the district court, through its motion for judgment on the pleadings and motion to dissolve the writ. The State argued, *inter alia*, that the petition was an impermissible collateral attack on the criminal court's probable cause determination. The district court denied the motions, specifically making findings adverse to the State's arguments, and subsequently refusing to reconsider its ruling. The State did not cross-appeal on those adverse rulings, and, therefore, we are precluded from considering the issue in this appeal. See K.S.A. 60-2103(h); *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 191-92, 106 P.3d 483 (2005).

At oral argument, the State made the new argument that we can review the issue by characterizing it as a question of jurisdiction, given that an appellate court is always permitted to consider jurisdiction. See *State v. Wendler*, 280 Kan. 753, Syl. ¶ 1, 126 P.3d 1124 (2006) (appellate court has duty to question jurisdiction on own initiative). We decline the invitation. The district court had jurisdiction of the parties and of the subject matter. Indeed, even the State, in its motion for judgment on the pleadings, agreed "that habeas corpus is an appropriate vehicle to challenge a trial court's pretrial denial of a claim of statutory immunity from criminal prosecution." Therefore, we decline to review the denial of the State's motions and do not opine on the timing or prerequisites for a petition for writ of habeas corpus in these circumstances.

Likewise, we have not been presented with any challenge to K.S.A. 21-3219. Therefore, we do not offer any opinion on the statute's provisions or the burden of proof anomalies which it might create. We narrowly restrict our decision today to a determination of whether McCracken met his burden of proving, by a preponderance of the evidence, that he was justified in using deadly force against Parker, Carothers, and Lane under K.S.A. 21-3211, K.S.A. 21-3212, or K.S.A. 21-3213.

*STANDARD OF REVIEW*

McCracken characterizes the district court's action as an involuntary dismissal, even though the court held an evidentiary hearing

on the merits. Then, citing to *Mohr v. State Bank of Stanley*, 244 Kan. 555, 570, 770 P.2d 466 (1989), McCracken argues the standard of review is whether there was sufficient evidence to support the trial court's factual findings, viewing the evidence in the light most favorable to the prevailing party. The State counters that the district court made the negative finding that McCracken had failed to meet his burden of proof. We agree. When the district court makes a negative finding, its ruling will not be disturbed on appeal absent a showing of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. See *General Building Contr., LLC v. Board of Shawnee County Comm'rs*, 275 Kan. 525, 541, 66 P.3d 873 (2003).

## PROOF OF JUSTIFIABLE DEFENSE

McCracken presents arguments as to why, given his version of events, he felt justified in using the force of his automobile against the victims to protect himself, his dwelling, and his property. His arguments become much less persuasive under the factual scenario that law enforcement gleaned from the victims. Under that version, the victims were invited to the premises and believed they had permission to be there; McCracken was the verbal aggressor; Parker did not physically attack McCracken or threaten him with a knife; law enforcement had no proof that a burglary had occurred; and McCracken, rather than retreating from the scene, blocked the Parker vehicle's egress from the driveway prior to ramming it. In other words, most of the evidence upon which McCracken relies was not undisputed.

Further, McCracken acknowledges that justifiable defense involves both a subjective and objective element. He not only had to believe that the victims posed a threat to himself, his dwelling, or his property, but also that a reasonable person under the same circumstances would have perceived the use of force to be necessary. See *State v. Walters*, 284 Kan. 1, 8-9, 159 P.3d 174 (2007).

McCracken attempts to establish the objective prong through a perceived presumption emanating from the Supplemental Note on H.B. 2577 (2006 session). The problem with McCracken's argument is threefold. First, the supplemental notes are prepared by

the Legislative Research Department and expressly state that they "do not express legislative intent." See footnote, Supplemental Note on H.B. 2577. Second, S.B. 366 is the basis for K.S.A. 21-3219 (L. 2006, ch. 194, sec. 1); H.B. 2577 died in committee. House J. 2006, p. 2478. Third, when a statute is plain and unambiguous, we do not need to resort to an examination of its legislative history. See *State v. Harris*, 284 Kan. 560, Syl. ¶ 5, 162 P.3d 28 (2007) (court will not consult legislative history where statutory language is clear and unambiguous as written).

With respect to the defense of his person, McCracken provided no credible argument to justify his use of force against the two women; they never posed an imminent threat of unlawful force against him. Even giving credence to the evidence that Parker confronted McCracken with a knife, that threat was no longer imminent. McCracken's explanation that he had to disable Parker's vehicle to prevent the possibility that it would follow McCracken enroute to his father's home is objectively suspect. A reasonable person would not risk disabling his or her own vehicle by ramming an aggressor's vehicle if the goal was to drive away from the scene.

Likewise, McCracken's reliance on K.S.A. 21-3212 is misplaced. Although any threat to the dwelling had long passed, McCracken contends that force was necessary because Parker's vehicle was blocking the driveway leading to his dwelling. The statute speaks to preventing or terminating the unlawful entry into or attack upon a person's dwelling. It does not justify force to facilitate ingress and egress to the dwelling, at least not under an objective view of these facts.

Granted, the defense of property statute is more problematic. However, here, the evidence that the victims were unlawfully interfering with McCracken's property was speculative at best. Law enforcement presented no proof that the dwelling had been burglarized, nor did McCracken present evidence that items had been stolen from his home. Pointedly, he relies solely on his testimony that one of the women was carrying a large purse and a duffle-style bag. While that might provide proof of the subjective prong, it fails to satisfy the objective element.

In conclusion, in finding that McCracken had failed to meet his burden of proof on the justifiable use of force, the district court did not disregard undisputed evidence. Further, there is absolutely no hint that the court relied on extrinsic considerations. To the contrary, the court thoughtfully considered the evidence presented. The district court's ruling on the petition for writ of habeas corpus is affirmed.

Affirmed.