NOT DESIGNATED FOR PUBLICATION

No. 114,601

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AUSTIN N. JONES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 30, 2016. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.


*Per Curiam*:  Austin Jones appeals the district court's denial of his motion for relief under K.S.A. 60-1507. Finding no reversible error, we affirm.


*Factual and procedural background*


A jury convicted Jones of two counts of first-degree murder, one count of aggravated assault, and one count of criminal possession of a firearm. For each of the two first-degree murder charges, the district court sentenced Jones to hard 25 life sentences.

1

Jones' direct appeal of his criminal case was unsuccessful, and the Kansas Supreme Court affirmed his convictions. *State v. Jones*, 298 Kan. 324, 311 P.3d 1125 (2013).

The facts in Jones' criminal case were set out fully in that decision, so we repeat only the facts most relevant to this appeal. It was undisputed that Jones came out of his apartment and shot and killed two men in the parking lot. *Jones*, 298 Kan. at 324-25. Jones testified that the two victims and another man surrounded him when he went outside, that one victim punched him in the face, and that someone punched him from behind. 298 Kan. at 327-28. He stated that after being hit, he reached into his waistband, pulled out a gun because he feared for his life, and shot once in front of him and once behind him. 298 Kan. at 328. Autopsies showed that one victim died as a result of a gunshot wound to the back of the head, and the other victim died from a gunshot wound to the rear side of the head. 298 Kan. at 327.

In his direct appeal, Jones argued that he had raised self-defense as justification, which in turn invoked the immunity provisions of K.S.A. 21-3219, the Stand-Your-Ground law. 298 Kan. at 329. He also argued prosecutorial misconduct. 298 Kan. at 332.

After the Kansas Supreme Court affirmed Jones' convictions, he filed this civil motion for relief under K.S.A. 60-1507. The district court examined the motion and the record, then denied the motion in part, but ordered the State to brief one issue—whether Jones' trial counsel's failure to raise the defense of immunity from prosecution constituted ineffective assistance of counsel. The district court did not order or permit Jones to brief that issue or to respond to the State's brief, and did not appoint counsel for Jones. After receiving the State's brief, the district court denied Jones' motion, stating: "After carefully reviewing the written pleadings in this matter, the court adopts the findings of facts and conclusions as offered in the State's response." The next day, Jones, acting pro se, filed a "Detached Memorandum in Support of 60-1507 Petition." Jones timely appeals.

2

*Standard of Review*

Our standard of review for the denial of a K.S.A. 60-1507 motion depends upon which approach the district court used to dispose of the motion. Here, the district court did not determine that the motion conclusively showed Jones was entitled to no relief and then deny the motion summarily. Instead, it reviewed the motion, ordered the State to brief an issue, reviewed the State's brief, and then adopted the findings and conclusions in that brief. We consider those acts to be tantamount to a preliminary hearing. When a court denies a 60-1507 motion based only on the motion, files, and records after a preliminary hearing, we are in as good a position as that court to consider the merits, so we exercise de novo review. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*The district court erred in denying Jones' motion without appointing counsel*

We first examine Jones' argument that the district court should have appointed counsel to represent him in his K.S.A. 60-1507 motion.

The district court denied Jones' claims of judicial misconduct, prosecutorial misconduct, and introduction of perjured testimony because they did "not provide a basis for which relief can be granted." But the district court did not deny the remaining claim and instead ordered the State "to provide written briefs addressing the issue of defense counsel[']s failure to raise the defense of prosecutorial immunity."

Postconviction proceedings under K.S.A. 60-1507 are civil in nature so they are not controlled by the same constitutional requirements applicable to criminal cases. *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004); *State v. Andrews*, 228 Kan. 368, 375, 614 P.2d 447 (1980). The defendant has no constitutional right to counsel when attacking a conviction in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S.

3

551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009).

However, Kansas provides a statutory right to counsel for collateral attacks in some situations. Under the relevant statute, if the court finds that a K.S.A. 60-1507 motion presents substantial questions of law or triable issues of fact, the court shall appoint counsel if the movant is indigent. K.S.A. 22-4506(b). Similarly, Kansas Supreme Court Rule 183(i) (2015 Kan. Ct. R. Annot. 273) provides:  "Right to Counsel. If a motion to vacate, set aside, or correct a sentence presents a substantial question of law or triable issue of fact, the court must appoint counsel to represent an indigent movant." "Once this statutory right to counsel attaches, a [K.S.A. 60-1507] movant is entitled to effective assistance of counsel." *Robertson*, 288 Kan. at 228.

A district court has three options when considering a 60-1507 motion:

"When a district court considers a K.S.A. 60-1507 motion, it may:  (a) determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (b) determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held after appointment of counsel. If the court then determines there is no substantial issue, the court may deny the motion; or (c) determine from the motion, files, records, or preliminary hearing that there is a substantial issue requiring an evidentiary hearing." *Sola-Morales v. State*, 300 Kan. 875, Syl. ¶ 1.

Jones argues that he was entitled to have counsel appointed under the third option above because he presented "at least a substantial question of law, if not a triable issue of fact," on his ineffectiveness of counsel claim. We disagree. The district court's request for one issue to be briefed shows only that the court needed more information than the motion, files, and record provided; and does not constitute a determination that Jones'

motion presented a substantial issue requiring an evidentiary hearing and appointment of counsel.

Jones next contends that the district court's order for the State to brief an issue was a tacit acknowledgement that he had raised a *potentially substantial* issue, entitling him to appointed counsel under the second option above. We agree.

Although Jones' claims of ineffective assistance of counsel appear to be conclusory, the district court found one of them sufficient to warrant further attention. Something in the immunity claim Jones made, perhaps the nature or the severity of the claim, prompted the district court to order the State to respond; yet the district court did not provide Jones that same opportunity. The district court's action left Jones without counsel, without an opportunity to brief the specific claim the State was ordered to brief, and without an opportunity to reply to the State's response. We believe that the district court's order for the State to brief this issue reflected the district court's determination from the motion that a potentially substantial issue existed.

Caselaw consistently requires that a district court appoint counsel for a K.S.A. 60-1507 movant before conducting a preliminary hearing to determine whether potentially substantial issues in the motion are, in fact, substantial. See, *e.g.*, *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) ("'Finally, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial.'"); *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007) ("The second option gives the district court an opportunity to conduct a preliminary hearing after appointing counsel for the petitioner. At the preliminary hearing, the district court may admit limited evidence and consider arguments of counsel."); *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000) (finding "the court may determine that a potentially substantial issue or issues of fact are raised in the

5

motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial").

Accordingly, we find the district court erred in failing to appoint counsel for Jones before reviewing the State's brief. In the interest of fairness, the court should have appointed counsel for Jones and permitted him to brief the same issue it ordered the State to brief before deciding whether that issue was substantial.

*The failure to appoint counsel was harmless*

Jones contends that we should remand for an evidentiary hearing at which he would be represented by counsel. Instead, we apply a harmless error standard to this statutory error.

When determining if a fundamental failure made it impossible to proceed without injustice, a court must assess whether the failure affects a party's substantial rights—in other words—whether it will affect the trial's outcome. "The degree of certainty by which the court must be persuaded that the error did not affect the outcome of the trial will vary depending on whether the error implicates a right guaranteed by the United States Constitution. If it does not, the court will use the statutory harmless error standard of K.S.A. 2015 Supp. 60-261 and K.S.A. 60-2105." *State v. Cheever*, No. 114,289, 2016 WL 6821871, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 1, 2016.

Because Jones had only a statutory right to counsel in this civil proceeding, the district court's failure to appoint counsel did not deny Jones his constitutional Sixth Amendment right to the assistance of counsel. Accordingly, we use the statutory harmless error standard stated in K.S.A. 2015 Supp. 60-261 and K.S.A. 60-2105.

Both statutes require us to consider whether an error affects "substantial rights." K.S.A. 2015 Supp. 60-261 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); K.S.A. 60-2105 ("The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining."). "This means the court must determine whether the fundamental failure was harmless." *State v. Kleypas*, 305 Kan. ___, 382 P.3d 373, 409 (2016).

"For nonconstitutional error, the trial court applies K.S.A. 2015 Supp. 60-261 and determines if there is a reasonable probability the error did or will affect the outcome of the trial in light of the entire record. . . . Under either test, the party benefitting from the error bears the burden of demonstrating harmlessness. *Corey*, 304 Kan. at 731-32." *State v. Cheever*, 2016 WL 6821871, at *3. We do the same. Accordingly, we review the substance of Jones' ineffective assistance of counsel claim below, asking whether the State has met its burden to show no reasonable probability that the failure to appoint counsel affected the outcome of Jones' K.S.A. 60-1507 motion.

*Jones was not denied the effective assistance of counsel at trial*

To succeed on a 60-1507 motion on an ineffective assistance of counsel claim, a criminal defendant must show both that his or her lawyer's representation fell below a level of reasonable competence and that the outcome of the case likely would have been different had the lawyer performed competently. See *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Sola-Morales v. State*, 300 Kan. at 882. We need not determine whether counsel's performance was deficient before examining prejudice to the defendant. Instead of a mechanical approach, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 670.

7

*Failure to assert a claim of immunity*

Jones appeals only one claim of ineffective assistance of counsel stated in his K.S.A. 60-1507 motion—that his trial counsel failed to assert a theory of immunity from prosecution based on Kansas' "Stand-Your-Ground" law, K.S.A. 21-3219 (now K.S.A. 2015 Supp. 21-5231). Jones' K.S.A. 60-1507 motion included one other claim of ineffective assistance of counsel—that counsel had failed to subpoena a corroborating witness—but we deem that claim abandoned because Jones has not addressed that claim in his appellate brief. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

The immunity defense must be asserted before trial opens or a dispositive plea is entered. *Jones*, 298 Kan. at 334. Under this law, "a person is immune from prosecution for using deadly force only if that use of force was justified, and using deadly force is justified only if the person reasonably believed it was necessary to prevent imminent death or great bodily harm." *State v. Wiseman*, No. 113,468, 2016 WL 6024582, at *6 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* November 14, 2016.

Invoking immunity from prosecution under this statute involves both a subjective and an objective element: (1) the person must have sincerely believed that using deadly force was necessary to defend himself or herself; and (2) a reasonable person in the same circumstances would have perceived that deadly force was necessary. *McCracken v. Kohl*, 286 Kan. 1114, Syl. ¶ 3, 191 P.3d 313 (2008). The standard of proof for whether a defendant is entitled to immunity from criminal prosecution pursuant to K.S.A. 21-3219 is probable cause, and when that immunity is timely raised the State bears the burden of establishing that force was not justified as part of the probable cause determination. *Jones*, 298 Kan. at 331; *State v. Ultreras*, 296 Kan. 828, 845, 295 P.3d 1020 (2013).

The State argues that Jones could not prevail on his ineffective assistance of counsel claim which was based on self-defense, because the jury rejected his defense of

8

self-defense, necessarily showing that an immunity defense would not have succeeded. We agree.

We need not independently analyze this issue because the Kansas Supreme Court in Jones' direct appeal resolved this issue against Jones. *Jones*, 298 Kan. at 334. It stated that the result of Jones' trial, with its attendant burden of proof beyond a reasonable doubt, necessarily proved that the State would have overcome a Stand-Your-Ground immunity claim had it been raised at the preliminary hearing, because the standard of proof in that hearing is probable cause. 298 Kan. at 334; see also *State v. Barlow*, 303 Kan. 804, 814, 368 P.3d 331 (2016). The court concluded: "In Jones' situation in particular, the jury rejected his claim of self-defense. This means the State has already borne an evidentiary burden far higher than the probable cause burden imposed upon it by the Stand-Your-Ground statute." 298 Kan. at 334.

We cannot revisit the viability of Jones' immunity defense because the decision of the Kansas Supreme Court in Jones' direct appeal acts as res judicata on this issue. See *Drach v. Bruce*, 281 Kan. 1058, 1079-80, 136 P.3d 390 (2006) (where an appeal is taken from a conviction, the judgment of the reviewing court is res judicata as to all issues that were raised), citing *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). Thus Jones cannot use a K.S.A. 60-1507 motion to attempt a second appeal on immunity. Kansas Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 272).

Because the record is clear that an immunity claim could not have prevailed, Jones can show no prejudice from his counsel's failure to raise a K.S.A. 21-3219 immunity claim. Thus Jones cannot show ineffective assistance of counsel. See *Sola-Morales*, 300 Kan. at 882-83. Accordingly, we do not reach the issue of deficient performance.

Because Jones' ineffective assistance of counsel claim necessarily fails on its merits as a matter of law, appointed counsel could have obtained no other result

9

for him. The State has met its burden to show no reasonable probability that the failure to appoint counsel affected the outcome of Jones' K.S.A. 60-1507 motion. Otherwise stated, Jones' motion raised a potentially substantial issue, but not a substantial issue. Remanding for appointment of counsel would thus be futile and the district court's error is harmless. See *Anderson v. Dugger*, 130 Kan. 153, 156, 285 Pac. 546 (1930) (finding "[t]he law does not require the performance of a futile or useless act").

*The district court's disposition of Jones' prosecutorial misconduct claim does not require remand*

Jones also argues that remand is necessary because the district court failed to make the necessary findings of fact on his claim that the prosecutor fabricated evidence and contaminated the crime scene. The district court must make findings of fact and conclusions of law on all issues presented. Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 273). As to Jones' claim of prosecutorial misconduct, the district court simply stated, "The conviction was affirmed [on direct appeal] rejecting the matter of prosecutorial misconduct."

Jones concedes that he raised other claims of prosecutorial misconduct in his direct appeal, but he argues that the claims of prosecutorial misconduct raised in his K.S.A. 60-1507 motion were not raised on direct appeal. Jones is correct on this matter. *Jones*, 298 Kan. at 334-41. Nonetheless, we reject Jones' claim of insufficient findings for two reasons.

First, Jones' new claims of prosecutorial misconduct—that the prosecutor fabricated evidence and contaminated the crime scene—should have been included in his direct appeal with his other claims of prosecutorial misconduct. As our Supreme Court has held: "[I]ssues that could have been presented, but were not presented, are deemed

10

waived. Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding." *Neer*, 247 Kan. at 140-41. By including some, but not all of his claims of prosecutorial misconduct on direct appeal, Jones waived those not included. See *Baker v. State*, 42 Kan. App. 2d 949, 953, 219 P.3d 827 (2009) (finding K.S.A. 60-1507 proceedings are subject to the policy against piecemeal litigation), aff'd 297 Kan. 486, 303 P.3d 675 (2013).

Second, Jones did not object below to the district court's allegedly inadequate findings of fact and conclusions of law. To give the district court the opportunity to correct inadequacies, litigants and their counsel generally bear the responsibility of objecting to such errors. In the absence of an objection, we do not consider omissions in findings below. See *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013). Instead, we may presume the district court found all the facts necessary to support its judgment, unless the lack of specific findings precludes meaningful review. *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009).

The lack of specific findings in this case has not precluded meaningful review on the issue. We find no reversible error in the district court's succinct yet accurate rejection of Jones' new claims of prosecutorial misconduct.

Affirmed.