NOT DESIGNATED FOR PUBLICATION

No. 119,062

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY CONLEY,
*Appellant*,

v.

SAM CLINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed October 12, 2018. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel, Lansing Correctional Facility, and *Roger W. Slead*, of Horn, Aylward & Bandy, LLC, of Kansas City, Missouri, for appellee.

Before LEBEN, P.J., GREEN and MALONE, JJ.

PER CURIAM:  Anthony Conley, an inmate at the Lansing Correctional Facility, appeals the district court's denial of his habeas corpus petition following an evidentiary hearing. The district court ruled that Conley failed to prove that prison officials were deliberately indifferent to his dental needs. For the reasons stated herein, we affirm the district court's judgment.

1

When Conley filed this case, he was an inmate at the El Dorado Correctional Facility. He is currently an inmate at the Lansing Correctional Facility. Conley is serving a life sentence for first-degree murder. *State v. Conley*, 270 Kan. 18, 11 P.3d 1147 (2000).

Since 2011, Conley has claimed that his teeth cause him extreme pain. Conley's front teeth, upper and lower, are crowded together, overlapping one another. Conley claims the crowding causes his pain. Several Kansas Department of Corrections (KDOC) dentists have evaluated Conley over the years. Conley has insisted that he needs treatment from professionals outside the KDOC, and he has requested a consultation with an orthodontist many times. These requests have always been denied.

Since 2016, Conley has seen three dentists. Dr. Jose Lopez examined Conley on June 27, 2016, but he could not find the cause of Conley's pain. Still, Lopez prescribed Conley antibiotics to ensure an infection was not the cause of the pain and provided a guide on how to chew properly. Lopez referred Conley for a mental health examination due to the lack of any apparent physical cause of the pain. The mental health examiner found no mental health concerns. Lopez continued to examine Conley but could never find the source of his pain, so he sought a second opinion from Dr. Fred Cannon.

Cannon first examined Conley on July 13, 2016. After a complete examination, Cannon could not find the origin of Conley's pain. In fact, observing Conley laughing and joking around in the waiting room before the exam, Cannon noted that Conley did not act as if he was in pain. Also, Conley's eating habits suggested a lack of pain as he often purchased nacho tortilla chips, hot cheese nibbles, barbecue corn chips, crunchy nuggets, and tangy barbecue potato chips from the prison's food vendor. Cannon had a long talk

with Conley to see if something besides his teeth was really the problem. Like Lopez, Cannon examined Conley several more times but could never find the source of his pain.

On August 5, 2016, Conley received a third opinion from Dr. Stanley Streit. As with the other dentists, Streit never found a physical source for Conley's pain. Streit informed Conley that a tooth extraction to address his complaints of overcrowded teeth was a viable option to possibly relieve his pain, but Conley refused this treatment.

In all, the KDOC dentists never found any physical abnormality that would cause Conley's pain. Likewise, they never found any reason to refer Conley to outside dental care or any reason to believe Conley required braces or surgery. Still, Conley persisted that he needed to be seen by dentists outside the KDOC.

Conley filed a pro se habeas corpus petition on September 21, 2016. In the petition, Conley alleged that the KDOC violated his rights under the Eighth Amendment to the United States Constitution by being deliberately indifferent to his dental needs. The district court issued a writ of habeas corpus to the warden of the Lansing Correctional Facility and ordered an evidentiary hearing. At the hearing on November 7, 2017, Conley was represented by counsel. Cannon and Conley were the only witnesses to testify.

Cannon testified to the above facts, and Conley testified, in essence, that the KDOC dentists all determined that he needed braces but they considered braces an elective procedure. He went on to testify that the KDOC's policies provided an avenue for him to receive elective procedures. He concluded by testifying that he was still in pain and that the KDOC dentists failed to properly treat him.

On December 11, 2017, the district court filed a written memorandum decision finding that Conley failed to prove a deliberate indifference by the KDOC to his medical needs. To the contrary, the district court found that the KDOC was attentive to Conley's

3

dental complaints, but Conley simply disagreed with the recommendations of the KDOC dentists. Thus, the district court denied Conley's habeas corpus petition. Conley appealed.

ANALYSIS

On appeal, Conley claims the district court erred in denying his habeas corpus petition. Conley claims the KDOC is depriving him of necessary dental treatment. He also claims the KDOC violated its own policy by denying him necessary dental treatment. Based on these claims, Conley asserts the KDOC infringed on his Eighth Amendment right by being deliberately indifferent to his medical needs.

Generally, an appellate court reviews a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). But here the district court found that Conley failed to meet his burden of proof, a negative finding. When the district court makes a negative finding in its denial of a habeas corpus petition, the appellate court must consider whether the district court arbitrarily disregarded undisputed evidence or relied on some extrinsic consideration, such as bias, passion, or prejudice, to reach its decision. *McCracken v. Kohl*, 286 Kan. 1114, 1121, 191 P.3d 313 (2008).

The Eighth Amendment to the United States Constitution forbids the government from inflicting cruel and unusual punishment on individuals, including prisoners. U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Under the federal and Kansas Constitutions, prisoners have a right to adequate medical care. *Darnell v. Simmons*, 30 Kan. App. 2d 778, 780, 48 P.3d 1278 (2002) (citing *Levier v. State*, 209 Kan. 442, 448, 497 P.2d 265 [1972]). The Eighth Amendment proscribes "deliberate indifference" of prisoners' medical needs. *Estelle*, 429 U.S. at 104.

4

Deliberate indifference contains both subjective and objective components. For the objective component, the petitioner must show that the medical need is sufficiently serious. A medical need is sufficiently serious when a diagnosed injury requires medical treatment or if the need for treatment is so obvious that a lay person would recognize the need. "The objective component is satisfied upon proof of the prison officials' knowledge of the need and disregard of an excessive risk to an inmate's health or safety." *Laubach v. Roberts*, 32 Kan. App. 2d 863, 872, 90 P.3d 961 (2004). The subjective component is met when a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

To try to show deliberate indifference, Conley contends that the district court's decision was factually erroneous because the uncontroverted evidence showed he was in serious pain. He also contends that the district court's legal conclusions were erroneous because the KDOC's deliberate indifference led it to defy its own policies, specifically refusing to use its discretion to refer Conley to outside care.

As in the district court, Conley cites *Derrickson v. Keve*, 390 F. Supp. 905, 907 (D. Del. 1975), to support his claim of deliberate indifference. In *Derrickson*, two physicians disputed whether nasal surgery for Derrickson, who was serving a life sentence in prison, was necessary or elective. Both physicians, however, agreed that Derrickson suffered from nasal injuries. The district court concluded that a surgery was not elective when at least one physician finds surgery necessary and the prisoner is serving a life sentence. 390 F. Supp. at 907.

*Derrickson* does not help Conley's case. Unlike the facts in *Derrickson*, in Conley's case, no dentist could find the cause of the pain and no dentist believed that a referral to a specialist was necessary. A life sentence alone does not automatically transform a typically elective surgery into a medically necessary surgery.

5

Here, the district court never disregarded uncontroverted evidence and its findings of fact are supported by substantial competent evidence. Conley asserts that the uncontroverted evidence shows he was in pain, but this is not correct. Cannon testified that he observed Conley acting as though he was not in pain, implying that he could be exaggerating his symptoms. The district court never found that Conley was lying about his subjective complaints of pain. Instead, the district court found that the KDOC dentists repeatedly examined Conley but could not find a physical source of his pain. Still, the KDOC dentists recommended various methods of possible treatment, including a tooth extraction, but Conley rejected the recommended treatment. More than anything, the record reflects that Conley wanted braces, and he was upset the KDOC refused to make that option available because his crowded teeth were not adversely affecting his health.

Turning to the legal conclusions, Conley fails to establish that the district court erred in finding that Conley failed to prove deliberate indifference to his medical needs. To the contrary, the KDOC was attentive to Conley's dental complaints but he simply disagreed with the recommendations of the KDOC dentists. As the district court concluded, an inmate's disagreement with medical recommendations does not amount to an Eighth Amendment violation. See *Darnell*, 30 Kan. App. 2d at 782.

Our review of the record leads us to conclude that the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. Conley fails to show that the district court arbitrarily disregarded undisputed evidence or relied on some extrinsic consideration, such as bias, passion, or prejudice, to reach its decision. Thus, we conclude the district court did not err in denying Conley's habeas corpus petition following an evidentiary hearing.

Affirmed.

6